J-S76043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER B. CHESONIS | |
| Appellant | No. 332 EDA 2016 |

Appeal from the Judgment of Sentence December 29, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002325-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 02, 2016**

Appellant Christopher B. Chesonis appeals from the judgment of sentence entered by the Honorable Jerome P. Cheslock of the Court of Common Pleas of Monroe County after Appellant was convicted of simple assault, disorderly conduct, and harassment.[1]  Appellant challenges the sufficiency of the evidence and argues the trial court abused its discretion in imposing his sentence.  After careful review, we affirm.

The trial court aptly summarized the factual background of the case as follows:

> On June 14, 2014, Appellant and Liam Gibbons ("Gibbons") were participating in a rugby sevens tournament at East

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1), 5503(a)(4), and 2709(a)(1), respectively.

Stroudsburg University.  The first match between Appellant and Gibbons' teams started around 9 a.m.  During the first half of this match, Appellant was struck in the face during play by an unknown member of Gibbons' team.  Appellant thought it was Gibbons.  Gibbons' teammate, Colin Westman, apologized to Appellant for whatever happened during the play.  Appellant did not suffer any lasting injury from this incident, however, was obviously angered by it.  Play continued and during the second half of the match, Appellant and Gibbons came together to form a ruck – a rugby maneuver meant to defend the ball when a player fumbles it.  Testimony was unclear as to which team had fumbled the ball causing the ruck to form, however, the ball was eventually, passed out and play continued on the other side of the field.  Appellant and Gibbons, however, did not move with the ball.  Instead, Appellant punched Gibbons in his left eye with his left fist and pinned Gibbons to the ground with his right arm.

As a result of this punch, Gibbons was unable to see properly and went immediately to the sidelines where he began vomiting.  After the match ended, Westman transported Gibbons to the Pocono Medical Center Emergency Room where Gibbons was treated for the injury to his left eye.  Gibbons was diagnosed with a blowout fracture of the left orbital floor as well as an entrapped inferior rectus muscle (i.e. the muscle underneath the eye that controls the eye's upward movement).  Dr. Joseph Burke testified that this injury results from a rounded object, such as a fist, elbow, or ball, coming into contact with the eye, causing the eye to expand and fracture the bone between the eye and the nasal cavity.  Sometimes, as with Gibbons' injury, the inferior rectus muscle herniates into the nasal cavity and requires immediate surgical intervention to release the trapped muscle.  Otherwise, the patient will be unable to look up with the injured eye, resulting in double vision.  If not corrected surgically, the fractured bone and trapped muscle will quickly develop scar tissue and aggravate the injury.  Gibbons remained at Pocono Medical Center for over a day in order to receive this immediate corrective surgery.

Gibbons' injury also required a second surgery a few weeks after the incident because his vision and eye movement was not improving.  During this second surgery, a titanium mesh plate was permanently affixed to the orbital floor of Gibbons' left eye.  Gibbons continues to suffer from occasional double vision and from facial numbness.

After the altercation with Gibbons, tournament officials red-carded Appellant for foul play, banning Appellant from further play in or presence at the tournament. Later that afternoon, Appellant and Gibbons' teams were set to play one another again. Gibbons had already been transported to the emergency room and thus was not present. Appellant, however, was present and attempted to play in the second half of the match. Tournament officials informed Appellant that he was not supposed to be at the tournament and was not allowed to play for his team. In response, Appellant engaged in "trash talk" against Gibbons' team, stated Gibbons deserved to go to the emergency room, and was yelling profanities in front of other players, officials, and spectators, including children. Tournament officials were diverted from their normal activities in order to remove Appellant from the tournament grounds.

Trial Court Opinion (T.C.O.), 3/22/16, at 1-3.

After Appellant was charged in connection with this incident, he waived his right to a jury and proceeded to a bench trial. On September 29, 2015, the trial court convicted him of simple assault, disorderly conduct, and harassment. On December 29, 2015, the trial court imposed an aggregate sentence of two to twelve months imprisonment, required Appellant to take an anger management class, and ordered Appellant pay fines and restitution. Appellant did not file any post-sentence motions, but filed this timely appeal on January 28, 2016. Appellant was released on bail pending appeal. On February 2, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his concise statement on February 23, 2016.[2]

_____

[2] On March 9, 2016, this Court entered a *per curiam* order notifying Appellant of his failure to timely file the docketing statement required by

*(Footnote Continued Next Page)*

Appellant raises two arguments for our review:

I.    Was the evidence insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt with respect to intent?

II.   Did the lower court err when it sentenced [Appellant] to incarceration in the aggravated range having failed to consider the factors under the Sentencing Code weighing heavily in favor of probation?

_(Footnote Continued)_ ────────────

Pa.R.A.P. 3517. The Court directed Appellant to file the docketing statement by March 21, 2016 and notified him that his failure to meet that deadline would result in the dismissal of his appeal. On March 22, 2016, Appellant's counsel filed the docketing statement but did not serve the Commonwealth. On April 1, 2016, the Commonwealth filed its first Application to Quash the Appeal, which this Court denied.

This Court directed Appellant's counsel, Lynn Erickson, Esq., to file her appellate brief and reproduced record on or before May 9, 2016. After Appellant requested and was granted two separate extensions of time, this Court filed an order to allow Atty. Erickson to file her brief on or before June 30, 2016. Atty. Erickson seemingly ignored this Court's mandate, filing her reproduced record on July 19, 2016 and the appellate brief on July 29, 2016.[2] On August 2, 2016, the Commonwealth filed a second Application to Quash the Appeal for Appellant's failure to file a timely brief and reproduced record. In a _per curiam_ order, this Court denied the Commonwealth's second Application to Quash the appeal.

On appeal, the Commonwealth again requests this Court to dismiss this appeal without review on the merits. The Commonwealth cites Pa.R.A.P. 2188, which states "[i]f an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter." This Court has held that dismissal under Rule 2188 is discretionary. **_See Commonwealth v. Sohnleitner_**, 884 A.2d 307, 313 (Pa.Super. 2005). As Atty. Erickson's untimely filings do not impede our review of this appeal, we proceed to review the merits of Appellant's claims.

- 4 -

Appellant's Brief, at 5.

When reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012)).

Specifically, Appellant claims that the Commonwealth failed to prove he "acted with wrongful intent" with respect to his simple assault and harassment convictions[3] as "[r]ugby is a rough and tumble contact support and what transpired between [Appellant] and [the] victim was fleeting and

---

[3] Appellant does not argue that the Commonwealth failed to prove the *mens rea* for his disorderly conduct charge for his behavior in using excessive profanity in front of a crowd of spectators, which included children, which caused him to be escorted from the match by tournament officials.

was a reflex, part of the roughness of the game." Appellant's Brief, at 10-11. In addition, Appellant claims that the accounts of the prosecution's witnesses were too conflicting to reasonably support Appellant's convictions.[4]

To sustain a conviction of simple assault, the Commonwealth must prove the defendant "attempt[ed] to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). To sustain a conviction of harassment, the Commonwealth must prove the defendant struck, shoved, kicked, or otherwise objected another to physical

_____

[4] Appellant seems to formulate his sufficiency argument based on the principle set forth in *Commonwealth v. Karkaria,* 533 Pa. 412, 419, 625 A.2d 1167, 1170 (1993), in which the Supreme Court held that whenever "evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury cannot be permitted to return such a finding." The Supreme Court has reiterated that it "considers questions regarding the reliability of the evidence received at trial to be within the province of the finder-of-fact to resolve, and our Court will not, on sufficiency review, disturb the finder-of-fact's resolution except in those exceptional instances, as discussed previously, where the evidence is so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence." *Commonwealth v. Brown*, 617 Pa. 107, 150, 52 A.3d 1139, 1165 (2012) (citing *Karkaria,* 533 Pa. at 419, 625 A.2d at 1170). In *Brown*, this Court characterized a similar claim as a challenge to the sufficiency of the evidence, recognizing that "in those extreme situations where witness testimony is so inherently unreliable and contradictory that it makes the jury's choice to believe that evidence an exercise of pure conjecture, any conviction based on that evidence may be reversed on the grounds of evidentiary insufficiency, since no reasonable jury could rely on such evidence to find all of the essential elements of the crime proven beyond a reasonable doubt." *Brown, supra* at 1156 n. 18; *but see id.* at 1190 n. 1 (Castille, C.J. concurring and dissenting) (opining that the issue was a weight of the evidence claim).

contact with the intent to harass, annoy, or alarm that person. 18 Pa.C.S. § 2709. We find Appellant's claim to be meritless and agree with the trial court's finding that the Commonwealth did not present inconsistent testimony. As noted by the trial court:

> Castner testified that he viewed an altercation from the sidelines where Appellant punched Gibbons to the ground, pinned him, and attempted to throw additional punches. Westman testified to seeing Appellant on top of Gibbons with his left arm up, as if he had just thrown a punch. Gibbons testified that Appellant pinned him to the ground and punched him in the left eye with his left fist. Castner's and Westman's versions are not mutually exclusive as Westman testified that he did not see the entire altercation because he momentarily looked away. While Gibbons' recall of the timeline might be slightly inconsistent with that of Castner, such discrepancy can easily be explained by Castner's testimony that Gibbons was confused when he got up from being punched and pinned by Appellant.

T.C.O. at 5 (internal citations omitted).

Moreover, Appellant admits that he intentionally punched Gibbons in the eye, causing a fracture of a bone in Gibbons' face. Although Appellant suggests he punched the victim in self-defense when he claimed that his intention was to get away from Gibbons, he does not show that the Commonwealth failed to present sufficient evidence to support his convictions, but asks us to reverse the trial court's credibility determinations, which we defer to as an appellate court. *Commonwealth v. Moser*, 921 A.2d 526, 530 (Pa.Super. 2007) (emphasizing that "[i]t is axiomatic that appellate courts must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor first-

hand") (citation omitted). As a result, we find the trial court did not err in finding the Commonwealth presented sufficient evidence to sustain Appellant's convictions.

Second, Appellant claims that the trial court abused its discretion in imposing his sentence when it ignored mitigating factors. "A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*.

We initially note that Appellant filed a timely appeal, but did raise his challenge to the discretionary aspects of his sentence in the trial court. While normally we would find this issue waived by Appellant's failure to preserve the issue in the lower court, we will overlook this omission as we observe that the trial court failed to advise Appellant of his right to file a post-sentence motion at sentencing. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa.Super. 2006) (holding that failure to file post-trial

motions did not waive appellate issues where trial court did not advise appellant of the need to preserve issues by motion).

Appellant has included in his appellate brief a separate Rule 2119(f) statement in his appellate brief. We must now determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (citation omitted).

Specifically, Appellant focuses his argument on his assertion that the trial court failed to consider mitigating factors that, in his opinion, weighed heavily in favor of a sentence of probation, and not incarceration. However, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Disalvo***, 70 A.3d at 903. As Appellant's challenge does not constitute a substantial question, we need not review this claim any further.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2016