**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dana A. SOHNLEITNER, Appellee.**

Superior Court of Pennsylvania.

Argued May 25, 2005.

Filed Sept. 23, 2005.

Carrie Wirsing, Asst. District Atty., York, for Com., appellant.

John M. Ogden, York, for appellee.

BEFORE: STEVENS, GANTMAN, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the order entered in the York County Court of Common Pleas, directing the York County District Attorney's Office to admit Appellee, Dana A. Sohnleitner, into the Accelerated Rehabilitative Disposition ("ARD") program. The Commonwealth asks us to consider whether the trial court abused its discretion by ordering Appellee's admission to the ARD program when the district attorney offered sufficient evidence to support the denial of Appellee's application. We hold the trial court erred by continuing its inquiry after it determined Appellee failed to meet his burden. We further hold the trial court erred when it failed to conduct a sufficiency of evidence analysis. Accordingly, we reverse.

¶ 2 The relevant facts and procedural history are as follows. Appellee was arrested on June 21, 2003 for driving under the influence of alcohol ("DUI").[1] Appellee's blood alcohol content ("BAC") was .20%, and he was driving with a suspended license. Appellee also had an open container of alcohol in the car. On October 8, 2003, Appellee applied for admission into the ARD program, but was rejected by the district attorney by letter, which cited Appellant's BAC, two prior underage drinking citations, and driving while his operating privileges were suspended. On February 11, 2004, Appellee filed a petition for the trial court to remand for reconsideration of Appellee's admission into

ARD. The trial court granted the petition and ordered the district attorney to reconsider Appellee's application. On March 24, 2004, the district attorney informed Appellee he still was not accepted into the ARD program for the same reasons as the November 2003 denial.

¶ 3 Appellee filed a petition for the trial court to compel his admission into the ARD program, asserting his case was less egregious than that of a York County detective admitted into the ARD program.[2] The trial court conducted a hearing, where the ARD administrator explained it was possible that other individuals in similar circumstances could have been placed in the ARD program in the last ten years. However, the district attorney testified his decision was based on Appellee's prior underage offenses, high BAC, and other two alcohol-related offenses. At the end of the hearing, the trial court noted that while it was not persuaded the district attorney abused his discretion, it would defer decision until Appellee could gather more evidence. Appellee then presented the trial court with cases in which petitioners, whom he deemed to be similar to or more egregious violators than him, were granted admission into the ARD program. On June 21, 2004, the trial court granted Appellee's motion and ordered the district attorney to admit Appellee into the ARD program.

¶ 4 The Commonwealth filed a timely notice of appeal. However, it filed a court-ordered Pennsylvania Rules of Appellate Procedure Rule 1925(b) statement nearly one month late. The Commonwealth also

---

1. 75 Pa.C.S.A. § 3731.

2. Previously in 2003, a York County detective was arrested for DUI. The detective, who is the son of the York County Sheriff, caused an accident that injured two passengers in another vehicle. The district attorney granted the detective admission into the ARD program, which triggered rumors of bias by the district attorney's office. The trial court agreed to accept the detective's admission into ARD, though the court warned the district attorney to treat future applicants similarly.

failed to file a timely designation of the contents of the reproduced record, as required under Rule 2154(a), and did not include relevant docket entries, as required by Rule 2152. The trial court filed its Rule 1925(a) opinion on October 13, 2004.

¶ 5 The Commonwealth presents the following issue for our review:

MAY A TRIAL COURT COMPEL ADMISSION OF AN INDIVIDUAL INTO THE ARD PROGRAM SUBSEQUENT TO THE DISTRICT ATTORNEY'S REJECTION WHEN THE REJECTION IS BASED UPON PERMISSIBLE FACTORS?

(Commonwealth's Brief at 4).

■■ ¶ 6 Preliminarily, we address Appellee's claim that the Commonwealth's issue is waived because it committed procedural errors in violation of the Rules of Appellate Procedure. Appellee first argues the Commonwealth filed its court-ordered Rule 1925(b) statement more than three weeks late. However, the untimely filing of a court-ordered Rule 1925(b) statement does not automatically result in waiver of the issues on appeal. If the trial court accepts an untimely Rule 1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived. *Commonwealth v. Ortiz*, 745 A.2d 662, 663–64 n. 3 (Pa.Super.2000), *appeal denied*, 568 Pa. 658, 795 A.2d 973 (2000). Here, the trial court accepted the Commonwealth's 1925(b) statement despite its untimeliness and addressed the issue raised. Therefore, we decline to conclude the Commonwealth's issues are waived. *See id.*

¶ 7 Appellee further asserts the Commonwealth violated Rule 2152, because the reproduced record does not contain the cases relied upon by the trial court in making its decision, and Rule 2154, because it failed to designate the contents of

the reproduced record in timely fashion. Appellee argues the combination of the Commonwealth's untimely Rule 1925(b) statement and its violation of Rules 2152 and 2154 precludes this Court's effective review of the case. Appellee concludes Rule 2188 mandates dismissal of the appeal. We disagree.

■ ¶ 8 Rule 2152(a) requires the reproduced record to contain: (1) relevant docket entries and related proceedings pursuant to Rule 2153; (2) relevant portions of pleadings, charges, or findings; and (3) portions of the official record to which the parties wish to direct this Court's attention. Pa.R.A.P. 2152(a); *see also* Pa. R.A.P. 2153. Contrary to Appellee's argument that the Commonwealth was required to attach cases upon which the trial court relied to reach its decision, Rule 2152 does not require such action. Therefore, Appellee's allegation of a Rule 2152 violation is without merit.

■ ¶ 9 Rule 2154(a) requires an appellant to serve and file a designation of the portions of the record he intends to present for review within thirty days of the date the appellant's brief is due for filing with this Court. Pa.R.A.P. 2154(a). Rule 2188 states that upon failure of the appellant to file the designation of the reproduced record, "an appellee may move for dismissal of the matter." Pa.R.A.P. 2188 (emphasis added). Rule 123(a) prescribes the procedure by which a party may then move for dismissal by filing an application for relief. *See* Pa.R.A.P. 123(a); *see also* Pa.R.A.P. 1972 (stating motions to dismiss or quash appeals are subject to Rule 123).

¶ 10 Instantly, Appellee states in his brief that he is moving for the dismissal of the Commonwealth's appeal. (Appellee's Brief at 11). However, Appellee did not file an application for relief. *See* Pa.R.A.P. 123(a); Pa.R.A.P. 1972. An official motion

is required for this Court to consider dismissing an appeal upon an allegation of a Rule 2154 violation, and Appellee has not filed an application for relief with this Court. Therefore, we have no need to determine whether the Commonwealth violated Rule 2154.[3] We therefore proceed to address the merits of the Commonwealth's claim.

■ ¶ 11 The Commonwealth argues the trial court was without authority to compel admission of Appellee into the ARD program after it rejected Appellee's admission. The Commonwealth contends the trial court mistakenly compared the instant case with a previous case in which the district attorney permitted a police officer, who was charged with DUI, into the ARD program. The Commonwealth asserts Appellee's case was more severe and that it offered sufficient evidence to indicate the denial of Appellee's admission into the ARD program was based on its determination Appellee would not benefit from rehabilitation. The Commonwealth concludes the trial court erred in compelling the district attorney to admit Appellee into the ARD program. We agree.

■ ¶ 12 Upon the Commonwealth's denial of a defendant's admission into an ARD program, the trial court's role is limited to whether the Commonwealth abused its discretion.[4] *Commonwealth v.*

*Benn,* 544 Pa. 144, 147, 675 A.2d 261, 262–63 (1996) (quoting *Commonwealth v. Lutz,* 508 Pa. 297, 310, 495 A.2d 928, 935 (1985)). If the decision of the district attorney is related to the protection of society or the likelihood of a person's success in rehabilitation, the trial court is no longer in a position to continue inquiry. *Commonwealth v. Mowry,* 358 Pa.Super. 233, 516 A.2d 1270, 1272 (1986), *appeal denied,* 515 Pa. 605, 529 A.2d 1080 (1987).

■ ¶ 13 The decision to submit a case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD "wholly, patently and **without doubt unrelated** to the protection of society or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit it for ARD consideration based on his view of what is most beneficial for society and the offender." *Lutz, supra* at 310, 495 A.2d at 935 (emphasis added). "A district attorney may base a decision to grant or deny admission to ARD on **any** consideration related to the protection of society and the rehabilitation of the defendant." *Commonwealth v. Jagodzinski,* 739 A.2d 173, 176 (Pa.Super.1999). In effect, the trial court must determine the evidence

3. We further note that dismissal under Rule 2188 is discretionary. *See Commonwealth v. Miller,* 787 A.2d 1036, 1038 n. 5 (Pa.Super.2001) (noting Commonwealth's argument in brief that appellant filed untimely brief, but determining Commonwealth should have moved for dismissal and this Court's decision to address merits of appeal is discretionary).

4. It is important to note the difference between a district attorney's decision to deny an ARD petition and to grant an ARD petition. The district attorney's decision to grant an ARD petition acts only as a recommendation, and the admission of the petitioner is still

contingent upon the trial court's approval. *Commonwealth v. Pypiak,* 728 A.2d 970, 972 (Pa.Super.1999). Therefore, the trial court retains the right to deny admission, absent abuse of discretion. *Id.* The trial court's role differs greatly, however, upon the district attorney's decision to deny an ARD petition. "[T]he trial court cannot admit a defendant to ARD without the Commonwealth's motion unless there is an abuse of the district attorney's discretion." *Id.* This process ensures "a joint effort between the prosecutor and the trial court" before a defendant is included in the ARD program. *Id.*

was insufficient to support a finding that the district attorney's decision was related to the protection of society or the likelihood of success in rehabilitating the defendant. *See id.* (stating district attorney may base decision on any consideration related to protection of society or rehabilitation of defendant). The Commonwealth does not have the burden of proving the absence of abuse of discretion; rather, the petitioner has the burden of proving the Commonwealth's denial of his request was based on prohibited reasons. *Pypiak, supra* at 972. Admission into the ARD program is intentionally restrictive to ensure the district attorney makes the decision to suspend prosecution pending the successful completion of the ARD program. *Id.* If the district attorney based his decision upon criteria related to the protection of society or the likelihood of a person's success in rehabilitation, then the district attorney's decision will stand. *See Lutz, supra* at 310, 495 A.2d at 935.

 ¶ 14 Instantly, the district attorney testified he denied Appellee admission into the ARD program because Appellee had a high BAC, was driving with a suspended license, was in possession of an open container of alcohol, was uncooperative during the arrest, and had been previously adjudged of two underage drinking offenses which were reflected in his driving record.[5] (*See* N.T. Hearing, 4/27/04, at 54–56). The district attorney stated these factors as reasons why he believed Appellee would not benefit from the ARD program. The district attorney stated on the record that Appellee's prior offenses "have not taught him anything in the process, so there's no reason to think that [Appellee] could succeed with ARD." (*Id.* at 56). Thus, the district attorney based his consideration on the likelihood of Appellee's success in rehabilitation. *See Lutz, supra.* Importantly, the trial court noted at the end of the hearing it did not believe the district attorney abused his discretion. Therefore, its inquiry should have ended, as the court indicated Appellee had not sustained his burden. *See Pypiak, supra; Mowry, supra.*

 ¶ 15 Furthermore, the trial court focused its inquiry on the past admission of other petitioners into the ARD program, in particular, the recent admission of a police detective into the program.[6] However, the trial court was required first to find Appellee sufficiently proved the district attorney's denial of admission was based on prohibited reasons. *See Pypiak, supra.* Only if Appellee satisfied this standard could the court inquire into whether the district attorney's decision

---

**5.** The trial court states in its Rule 1925(a) opinion that Appellee has no prior misdemeanor or felony charges or convictions. (Trial Court Opinion, dated 10/13/04, at 3). However, the transcripts reveal the Commonwealth clearly cited Appellee's previous underage offenses, and Appellee himself notes the existence of these underage drinking offenses. (*See* N.T. Hearing at 43, 54–56).

**6.** We further note there is considerable discrepancy between the comparisons made by the trial court and Commonwealth between the detective's case and the instant case. Specifically, the Commonwealth avers the detective had a lower BAC than Appellee, the victims of the detective's DUI accident did not suffer serious bodily injury, and one of the victims agreed to the detective's admission into the ARD program. (*Compare* Appellant's Brief at 10 n. 2, *with* Trial Court Opinion, at 3–4). We have no need to determine which interpretation is correct, as we conclude the trial court improperly focused on this comparison. However, we find it significant to note that at no point did Appellee assert the detective had a higher BAC, and the Commonwealth has quoted a part of the transcript which reveals a victim agreed to the detective's admission into the ARD program, albeit with stipulations. (*See* Appellant's Brief at 10 n. 2).

was related to the protection of society and the likelihood of rehabilitation. *See Mowry, supra.* As noted above, the trial court initially found Appellee did not meet his burden. Moreover, even if Appellee sustained his burden, the court erroneously conducted a "weight of the evidence" analysis instead of a "sufficiency of the evidence" analysis, and improperly made its own determination as to whether it would admit Appellee into the ARD program *See Jagodzinski, supra; Benn, supra.* The trial court's authority would have been limited to a determination of whether the district attorney's decision was "wholly, patently and without doubt unrelated to the protection of society or the likelihood of a person's success in rehabilitation." *See Lutz, supra* at 310, 495 A.2d at 935; *Jagodzinski, supra.* We would conclude the trial court's reasons for compelling Appellee's admission into the ARD program did not meet this standard.

¶ 16 Finally, Appellee argues the lack of a written policy with universal standards renders the district attorney's decision to admit or deny ARD petitioners arbitrary. Appellee concludes such arbitrariness requires trial courts to examine the substance of each ARD petition more carefully to ensure consistency. We disagree.

¶ 17 Even when the district attorney's general policy regarding ARD peti-

tioners is unclear, that deficiency alone does not constitute abuse of authority. *Pypiak, supra* at 972. As stated above, the relevant consideration is whether it can be proven, without doubt, the district attorney did not consider the protection of society or the likelihood of rehabilitative success. *See Lutz, supra.* Therefore, Appellee's claim is without merit.[7] Accordingly, we reverse the trial court order directing the York County District Attorney's office to admit Appellee into the ARD program.

¶ 18 Based on the foregoing, we hold the trial court must accept the district attorney's decision to deny a defendant admission into the ARD program once the court determines the defendant has failed sufficiently to prove the decision was based on prohibited reasons. We further hold that if the trial court determines the defendant met his burden, the court is then limited to a sufficiency of evidence analysis in determining whether the district attorney's proffered reasons for denying admission were related to the protection of society or likelihood of rehabilitative success. Accordingly, we reverse the order directing Appellee's admission into the ARD program.

¶ 19 Order reversed.

---

7. Appellee also asserts a broad constitutional claim that arbitrary decisions by the district attorney constitute violations of the equal protection clause and due process clause of the United States Constitution and the Pennsylvania Constitution. Appellee cites *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), for the proposition that "[j]udicial discretion is a legal discretion." *Id.* at 377 n. 5, 89 S.Ct. at 576 n. 5, 21 L.Ed.2d at 611 n. 5. However, the district attorney's decision to grant or deny an ARD petition is akin to prosecutorial discretion, as ARD is a pre-trial disposition allowing a prosecutor to decide not to try certain cases. *See Lutz, supra* at 303, 495 A.2d at 931. Therefore, ARD petition decisions are subject to equal protection standards requiring a "petitioner to show both that the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. U.S.,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547, 556 (1985). Appellee's boilerplate claims of constitutional violations fail to meet those requirements.