J-S19014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
v. :
:
WILFREDO TORRES :
:
Appellant : No. 912 MDA 2016

Appeal from the Judgment of Sentence April 26, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0003182-2015

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 24, 2017**

Appellant, Wilfredo Torres, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his jury trial conviction of one count of possession of a controlled substance with the intent to deliver pursuant to 35 P.S. § 780-113(a)(30).  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> DID THE COMMONWEALTH PROVIDE INSUFFICIENT EVIDENCE AS A MATTER OF LAW TO ESTABLISH [APPELLANT'S] GUILT BEYOND A REASONABLE DOUBT ON THE CHARGE OF MANUFACTURE, DELIVER, OR POSSESSION WITH INTENT TO MANUFACTURE OR DELIVER, 35 P.S. § 780-113(A)(30)?
>
> WAS [APPELLANT'S] GUILTY VERDICT ON THE CHARGES

_____

*Former Justice specially assigned to the Superior Court.

> OF MANUFACTURE, DELIVER, OR POSSESSION WITH
> INTENT TO MANUFACTURE OR DELIVER, 35 P.S. § 780-
> 113(A)(30), AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 4).[1]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Merrill M. Spahn, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed August 5, 2016, at 2-9) (finding: police used confidential informant to make controlled drug purchase; C.I. entered black Toyota Camry and purchased $60 of crack cocaine from Appellant; Lancaster Community Safety Coalition recorded transaction using video surveillance, which Sergeant Greathouse watched in real time; Sergeant Greathouse obtained still-shot photographs from video footage and identified Appellant as man who sold drugs to C.I.; Officer Flurry, another member of surveillance team, compared Appellant's most recent driver's license picture to still-shots and identified Appellant based on his distinct facial features; Officer Dean's testimony established black Toyota Camry

_____

[1] The Commonwealth requests that we dismiss Appellant's appeal because he filed his appellate brief late. Pursuant to Rule 2188 of the Pennsylvania Rules of Appellate Procedure, an appellee may move for dismissal of the matter if an appellant fails to file his brief within the time prescribed by these rules. Notably, the Commonwealth asserts no prejudice resulted from Appellant's late filing. Thus, we decline to dismiss Appellant's appeal on this basis. **See Commonwealth v. Sohnleitner**, 884 A.2d 307, 313 n.3 (Pa.Super. 2005) (noting "dismissal under Rule 2188 is discretionary").

belonged to Appellant's mother-in-law, which Appellant confirmed; Appellant and his mother testified that man in surveillance footage was Appellant's father; jury rejected Appellant's and his mother's testimony in favor of testimony and evidence offered by Commonwealth's witnesses; Commonwealth produced sufficient evidence to sustain verdict and verdict was not against weight of evidence). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :

                                  :

             vs.                  :        CP-36-CR-3182-2015

                                  :

WILFREDO TORRES               :

## OPINION PURSUANT TO RULE 1925(a) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

BY: SPAHN, JR., J.

Defendant has filed a direct appeal to the Superior Court of Pennsylvania raising claims pertaining to the sufficiency and weight of the evidence presented at trial. On August 11, 2015, Defendant was charged with allegedly having committed one count of Manufacture, Delivery or Possession With Intent to Manufacture or Deliver [1] and one count of Criminal Use of Communication Facility. [2] On February 18, 2016, Defendant was found guilty of the offense of Delivery of a Controlled Substance (Cocaine) and found not guilty of the offense of Criminal Use of Communication Facility following a jury trial before this court. The trial court sentenced Defendant on April 26, 2016 for the offense of Delivery of a Controlled Substance (Cocaine). Defendant was sentenced to a period of incarceration of not less than three (3) months nor more than twenty-three (23) months to be followed by a consecutive one (1) year period of probation on a split sentence basis. Defendant filed Post-Sentence Motions on May 6, 2016, which were denied by the trial court by way of Orders entered on May 9, 2016. On June 6, 2016, Defendant filed a timely Notice of Appeal to the Pennsylvania Superior Court. Defendant was directed to file a Statement of Errors Complained of on Appeal pursuant to Rule 1925(a) of the

---

[1] 35 P.S. §780-113 §§(a)(30)
[2] 18 Pa. C.S.A. §7512(a)

Pennsylvania Rules of Appellate Procedure and he has done so. The Commonwealth did not file an Answer to Defendant's Statement of Errors Complained of on Appeal.

## DISCUSSION

In his Concise Statement of Matters Complained of on Appeal, Defendant argues that the verdict of guilty on the charge of Manufacture, Deliver, or Possession With Intent to Manufacture or Deliver (F), 35 P.S. §780-113 §§(a)(30) cannot be sustained because it is based upon insufficient evidence and is otherwise against the weight of the evidence. Specifically, Defendant argues the following:

1. The evidence demonstrated by the Commonwealth was insufficient as a matter of law to establish the Appellant's guilt beyond a reasonable doubt on the charge of Manufacture, Deliver, or Possession With Intent to Manufacture or Deliver (F), 35 P.S. §780-113 §§(a)(30).

2. There was not sufficient evidence to reach a verdict of guilty on the charge of Manufacture, Deliver, or Possession With Intent to Manufacture or Deliver (F), 35 P.S. §780-113 §§(a)(30). The Commonwealth failed to prove that the Appellant was the individual delivering the controlled substance, specifically the crack cocaine. Specifically, none of the Commonwealth's witnesses saw the Appellant deliver the crack cocaine. The only individual with the direct knowledge of the identity of the individual making the delivery of the drugs was a confidential informant whose identity was never disclosed nor did he or she testify at the trial. The only evidence that the Commonwealth presented identifying the Appellant as linked to the alleged crime of delivery of crack cocaine was that he was involved in a separate police incident report relative to the vehicle that the suspect in the delivery was driving. The vehicle which belonged to the Appellant's father's girlfriend. The Commonwealth's only evidence identifying the Appellant to the crime was video still-shot photographs and the record indicates that they were "grainy." The Commonwealth's own witness, Officer Flurry, testified that he had his own doubts initially that the Appellant was in fact the individual pictured in the still-shots. This testimony itself demonstrates that the necessary burden of proof beyond a reasonable doubt was not satisfied.

3. The verdict of guilty to the crime of Manufacture, Deliver, or Possession With Intent to Manufacture or Deliver (F), 35 P.S. §780-113 §§(a)(30) is against the weight of the evidence. The Defendant and his mother each testified that the individual depicted in the video still-shots was Defendant's father, Wilfredo Torres. The vehicle in the video still-shots was Defendant's father's girlfriend,

2

which the Defendant testified was never driven by the Defendant at any point. In the video still-shot, a young child can be seen in the back of the vehicle. The Defendant testified that he has no children, but his father does have several young children. The only evidence identifying Appellant as the driver of the vehicle are the grainy still-shot photographs and the investigating officer's opinions. None of the officers were offered as facial recognition experts or otherwise qualified as experts, yet their opinion testimony was bolstered by statements and arguments that they should be believed because they would not compromise their integrity or their careers by lying about the Appellant being the suspect.

In reviewing Defendant's challenges to the sufficiency of the evidence as advanced in his first two arguments, the appellate court need view the evidence produced at trial in the light most favorable to the Commonwealth as verdict winner to determine if it is sufficient to allow a reasonable jury to find each element of the offense charged beyond a reasonable doubt. Commonwealth v. Slocum, 86 A.3d 272, 275 (Pa. Super. 2014).

> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

Id.

For Defendant to prevail on his claim that the evidence is insufficient, it must be said that accepting all of the evidence and all reasonable inferences drawn from the evidence upon which, if believed, the verdict could properly have been based, that the evidence would be insufficient in law to find beyond a reasonable doubt that he is guilty of the crime charged. Commonwealth v. Meadows, 369 A.2d 1266, 1268 (Pa. 1977); Commonwealth v. Quel, 27 A.3d 1033, 1037-38 (Pa. Super. 2011). It is axiomatic that "[b]eyond a reasonable doubt" has never been construed

3

to equate to "beyond all doubt." See, e.g., Commonwealth v. Jones, 858 A.2d 1198, 1201-04 (Pa. Super. 2004). [3] [4]

In the instant matter, Officer Michael Dean of the Lancaster City Bureau of Police testified that on October 3, 2014 at approximately 11:44 p.m. officers responded to a report of shots being fired in the area of the 900 block of Plum Street in Lancaster, Pennsylvania. (N.T., February 17, 2016 at 52-53). As Officer Dean was walking near the intersection of the 900 block of Plum Street and the 400 block of Ice Avenue, he came upon a black Toyota Camry that had evidence of having been struck by bullets right above the driver's side rooftop. (N.T., February 17, 2016 at 53-54). As Officer Dean was searching the area around the vehicle for evidence, a gentleman exited 364 Ice Avenue; flagged him down; indicated that his car had been hit; and, identified himself as the defendant. (N.T., February 17, 2016 at 54-55). The defendant indicated that the vehicle was actually owned by his mother-in-law. (N.T., February 17, 2016 at 55). Officer Dean was able to ascertain that the defendant was Wilfredo Torres (DOB: 06/12/1994) and the registration number on the vehicle in question was Pennsylvania HSK-9518. (N.T., February 17, 2016 at 57-58). Officer Dean subsequently identified the same vehicle in video footage that was taken by the Lancaster Community Safety Coalition of November 11, 2014 from 5:42 p.m. to 5:48 p.m., the time surrounding the alleged delivery of controlled substances in this matter. (N.T., February 17, 2016 at 60-63).

---

[3] Although Defendant raises two separate sufficiency claims, the trial court shall address said claims jointly for the sake of clarity and judicial economy.

[4] The Pennsylvania appellate courts have routinely held that a motion for a new trial on the grounds that the verdict in contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Commonwealth v. Whiteman, 485 A.2d 459 (Pa. Super. 1984). As such, Defendant is presently raising facially inconsistent claims of error. Despite said inherent inconsistencies, the trial court will herein address all claims raised by Defendant.

4

Detective Eric McCrady of the Lancaster City Bureau of Police testified that he was working a detail with the Selective Enforcement Unit as an undercover officer on November 11, 2014 at approximately 5:30 p.m. (N.T., February 17, 2016 at 66-70). Detective McCrady was working with a confidential informant to purchase $60.00 worth of crack cocaine in the first block of West Clay Street in Lancaster. (N.T., February 17, 2016 at 74-75). Before the confidential informant entered the detective's vehicle, the confidential informant was searched for controlled substances and contraband so as to ensure that the informant possessed neither controlled substances nor contraband prior to attempting to make a controlled purchase. (N.T., February 17, 2016 at 73-74 and 131-133). Additionally, the detective's vehicle remained in a secure location at all times so that it would not be compromised. (N.T., February 17, 2016 at 74). Detective McCrady provided the confidential informant with $60.00 of pre-documented buy money. (N.T., February 17, 2016 at 77). Detective McCrady testified that the confidential informant exited his vehicle on the south side sidewalk; walked north across Clay Street to the north side sidewalk of Clay Street; turned around and spoke to someone on the south side sidewalk of Clay Street; walked back to the south side sidewalk of Clay Street; and, entered a vehicle that was two car lengths away. (N.T., February 17, 2016 at 78). Detective McCrady identified the vehicle that the confidential informant entered as a black Toyota Camry. (N.T., February 17, 2016 at 80). Detective McCrady then observed the confidential informant exit the subject vehicle; walk northbound on Clay Street; walk east toward Queen Street; and, then walked north on Queen Street. (N.T., February 17, 2016 at 79). The entire incident as described by Detective McCrady was captured on video by the Lancaster Community Safety Coalition and said video was viewed by the jury at trial. (N.T., February 17, 2016 at 80-82). Detective McCrady then picked up the confidential informant in the 800 block of Queen Street. (N.T.,

5

February 17, 2016 at 79). The confidential informant immediately got into the front passenger seat of the detective's vehicle and relinquished the suspected crack cocaine. (N.T., February 17, 2016 at 79). Detective McCrady subsequently met with the lead detective and provided him the suspected crack cocaine. (N.T., February 17, 2016 at 79). At no time was the confidential informant ever out of the Detective McCrady's view, but for when the informant entered the black Toyota Camry, nor did he ever observe the confidential informant interact with anyone other than the alleged suspect while he was outside of the detective's vehicle. (N.T., February 17, 2016 at 80). Laboratory analysis subsequently confirmed that the substance provided by the confidential informant to the detective was crack cocaine. (N.T., February 16, 2016 at 107-108).

Sergeant Damon Greathouse of the City of Lancaster Bureau of Police testified that he was assigned to the Lancaster Safety Coalition on November 11, 2014 as part of the instant detail with the Selective Enforcement Unit. (N.T., February 17, 2016 at 91-93). He explained that he viewed the surveillance cameras with a civilian aide, who operated the cameras at his direction. (N.T., February 17, 2016 at 93). At approximately 5:30 p.m. on November 11, 2014, Sergeant Greathouse was watching the detail occurring at the intersection of Queen Street and Clay Street from the Safety Coalition location. (N.T., February 17, 2016 at 94). During the detail, Sergeant Greathouse requested that the civilian aide focus on the driver of the suspect vehicle. (N.T., February 17, 2016 at 97-98). Detective Greathouse obtained still photographs from the video footage from the Safety Coalition. (N.T., February 17, 2016 at 98). From the still photographs, which were reviewed by Detective Greathouse, he was able to positively identify the defendant as the person depicted in the still photographs. (N.T., February 17, 2016 at 99-100).

Officer Adam Flurry of the Lancaster City Bureau of Police testified that he parked his vehicle on Queen Street in an area that enabled him to see the undercover vehicle being driven

6

by Detective McCrady. (N.T., February 17, 2016 at 135). Officer Flurry's assignment was to ensure the safety of Detective McCrady. (N.T., February 17, 2016 at 136). Once Detective McCrady identified the subject vehicle involved in the alleged delivery, he notified Officer Flurry. (N.T., February 17, 2016 at 136). Officer Flurry was able to observe the subject vehicle. (N.T., February 17, 2016 at 136). Officer Flurry was positioned to pick up surveillance if the subject vehicle began to move. (N.T., February 17, 2016 at 137). Officer Flurry was able to obtain the registration number from the subject vehicle during the detail as being HSK-9518, which is the same registration number and description of the vehicle that the defendant identified as belonging to his mother-in-law to Officer Dean during the unrelated shooting incident. (N.T., February 17, 2016 at 137-138). Several months after the suspected delivery, Officer Flurry researched the defendant as a result of being unable to positively the defendant as the driver of the subject vehicle at the time of the suspected delivery based on a driver's license photograph taken in 2011. Upon obtaining a more recent driver's license photograph of the defendant taken on February 19, 2015, Officer Flurry was able to positively identify the defendant as the driver of the Toyota Camry as depicted in the images received from the Safety Coalition video on November 11, 2014. (N.T., February 17, 2016 at 154-156). Officer Flurry observed from Defendant's updated driver's license photograph that the defendant appeared more mature than he did in 2011. (N.T., February 17, 2016 at 156). Officer Flurry testified that, after a review of the defendant's updated driver's license photograph, he made note of the defendant's hairline, hair, fuller face, large lips, jaw line, nose, and distinct thick eyebrows that taper to a point like a comet's tail. (N.T., February 17, 2016 at 156-157). In light of such distinct personal characteristics, Officer Flurry, in comparing the more recent driver's license photograph with the images derived from the Safety Coalition footage, positively concluded that the defendant was

7

the individual depicted in the video footage from the time of the alleged delivery. (N.T., February 17, 2016 at 156). Accordingly, the defendant was charged with one count of Manufacture, Delivery or Possession With Intent to Manufacture or Deliver and one count of Criminal Use of Communication Facility.

Defendant's mother testified at trial that the man depicted in the Safety Coalition still photographs was the defendant's father, who also is named Wilfredo Torres, (N.T., February 18, 2016 at 189). Defendant testified at trial that he was not the person driving the Toyota when the delivery occurred; that he never drove the Toyota; and, that he never sold drugs in his life. (N.T., February 18, 2016 at 198 and 201). Defendant also testified that he had never driven the Toyota, despite the fact that he was at his father's residence when the vehicle was shot, had indicated to the officers at that time that the vehicle was his vehicle, and he used a fob to unlock the Toyota during the investigation of the shooting of the vehicle near his father's residence where he was located. (N.T., February 18, 2016 at 202-203).

It is clear that the jury chose to not believe Defendant nor his mother; rather, the jury accepted the evidence and all reasonable inferences drawn from the evidence as set forth by the Commonwealth through the testimony of the investigating officers, the videotape recording, and the still photographs as the basis for their verdict. In light of the foregoing, Defendant has not satisfied his burden to establish that the evidence was insufficient in law to sustain his conviction in the instant matter. As such, Defendant's claims in this regard must fail.

Defendant also contends that the verdict is against the weight of the evidence produced at trial. In addressing said claims, the Pennsylvania appellate courts have repeatedly held that "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v.

8

Charlton, 902 A.2d 554, 561 (Pa. Super. 2006). A verdict is only against the weight of the evidence if it is so contrary to the evidence that it shocks one's sense of justice. Id.

In the instant matter, in light of the totality of the evidence presented at trial and for the reasons as set forth above, the verdict in the instant matter is not contrary to the weight of the evidence presented at trial. While Defendant is no doubt displeased with the verdict reached by the jury in this matter, such verdict is supported by the evidence presented at trial and all relevant inferences therefrom. It is quite apparent that the jury resolved the relevant credibility issues in favor of the witnesses presented by the Commonwealth and chose to reject the testimony of Defendant and his mother. It is ultimately the purview of the jury, as fact finder, to make such decision. Accordingly, Defendant has failed to demonstrate that the verdict in this matter served to shock one's sense of justice. As such, Defendant's claim in this regard must also fail.

## CONCLUSION

Accordingly, for the reasons set forth above, I conclude the grounds identified by the Defendant in his Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal lack merit.

BY THE COURT:

MERRILL M. SPAHN, JR., JUDGE
August 5, 2016

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Jacquelyn E. Pfursich
Clerk of Courts

ATTEST:

Copies to:     Trista M. Boyd, Esquire, Office of the District Attorney
               Michael V. Marinaro, Esquire, Attorney for Defendant

9