J-S31005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DESIREE JEAN FLEEGLE | |
| Appellant | No. 434 WDA 2016 |

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-SA-0000002-2015

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 27, 2017**

Appellant, Desiree Jean Fleegle, appeals *pro se* from the judgment of sentence entered in the Somerset County Court of Common Pleas, following her convictions on several summary offenses.[1] We affirm.

The trial court recounted the facts of this case as follows:

At approximately 12:50 a.m. on June 23, 2014, Officer Scott Zelek ("Officer Zelek") of the Somerset Borough Police Department was on routine patrol in Somerset Borough, Pennsylvania. Officer Zelek ran the registration of the vehicle stopped at the traffic light at Plank Road and East Main Street. The vehicle was registered under [Appellant's] name.

---

[1] Appellant purports to appeal from an order entered on March 14, 2016. A detailed examination of the record finds that no such order exists. We believe Appellant intended to appeal from the judgment of sentence entered on February 18, 2016, and we address her issues accordingly.

[Appellant's] name "stuck out" to Officer Zelek, but he could not specifically identify the reason her name "stuck out" to him.

As he followed the vehicle westbound on Main Street, Officer Zelek entered [Appellant's] name into the J-NET computer system in his car. Simultaneously, the vehicle pulled into the Sheetz on East Main Street and parked at the fuel pumps. A female occupant of the vehicle exited the driver's side of the vehicle and began to pump gasoline into the vehicle. Officer Zelek pulled into an adjacent parking lot. Shortly thereafter, Officer Zelek received the results of the J-NET search, which indicated that [Appellant's] driver's license was suspended, DUI-related. [Officer] Zelek observed that there were "consistencies in appearance, general appearance between the driver's photo on [his] computer and what [he] was able to view."

Officer Zelek approached [Appellant] and asked her for her driver's license, registration and insurance. [Appellant] responded, "You know I don't have a license." While he was speaking to [Appellant], Officer Zelek observed a "plastic Solo-type cup" in the center console cup holder of [Appellant's] vehicle. The cup contained a dark-colored liquid and solid ice cubes. Officer Zelek asked [Appellant] about the beverage, and [Appellant] explained that the beverage was "Jack and Coke." Officer Zelek retrieved the beverage and, upon examination, found it to exhibit the odor of an alcoholic beverage and to possess characteristics consistent with a "Jack and Coke."

Officer Zelek also obtained a certified driving record from the Pennsylvania Department of Transportation that indicates that [Appellant's] license was suspended in relation to a DUI. [Appellant's] certified driving record specifically indicates that [Appellant] was mailed official notice of her suspension and that, following this official mailing, the Department of Transportation received an affidavit from [Appellant]. [Appellant's] certified driving record does not indicate that [Appellant's] operating privileges were ever restored.

Trial Court Opinion, filed 5/27/16, at 2-4.

Procedurally, Appellant was charged with the summary offenses of driving without a license, driving while operating privilege is suspended or

revoked, and restrictions on alcoholic beverages.[2] After Appellant received several continuances, she proceeded to trial before the magisterial district court. The court found Appellant guilty of all charges, and she appealed to the Court of Common Pleas of Somerset County.

After Appellant received four additional continuances and was denied a fifth, she proceeded to a summary appeal hearing. Appellant's counsel made a motion to suppress the evidence against Appellant during the hearing, but was unsuccessful. The trial court found Appellant guilty of all the above-listed offenses, and sentenced her to sixty to ninety days' incarceration, plus costs and fines. This timely appeal followed.[3]

Preliminarily, "[i]f an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter." Pa.R.A.P. 2188. Instantly, the Commonwealth moved for the dismissal of this appeal based on Appellant's failure to timely file her brief. We have previously held that dismissal pursuant to Pa.R.A.P. 2188 is a matter of this Court's discretion. *See Commonwealth v. Sohnleitner*, 884 A.2d 307, 312 (Pa. Super. 2005).

---

[2] 75 Pa.C.S.A. §§ 1501(a); 1543(b)(1); and 3809(a), respectively.

[3] This Court previously issued an order dismissing Appellant's appeal due to her failure to file a brief. We later reinstated Appellant's appeal, and granted a 90-day extension to file her brief. Nevertheless, Appellant failed to timely file her brief.

Notably, the Commonwealth did not claim any prejudice resulted from Appellant's untimely filing.

While we decline to dismiss, in this instance, Appellant's appeal on timeliness grounds, the brief itself raises independent cause for concern. The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order

requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

**(b) Opinions below**.—There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

Pa.R.A.P. 2111.

"This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted). While this Court is willing to liberally construe materials filed by a *pro se* litigant, an appellant is not entitled to any particular advantage due to a lack of legal training. *See Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Appellant's brief is a lengthy, unbound sheaf of papers written in unedited, stream-of-consciousness prose, which fails to clearly present issues for our review. To the extent we are able to discern separate arguments Appellant makes, we will address these.

We note Appellant attempts to challenge her counsel's ineffectiveness at the summary appeal hearing. That argument is not properly before us,

and thus we decline to address it. ***See Commonwealth v. Grant***, 813 A.2d 726, 735 (Pa. 2002) (holding that, generally, claims of ineffective assistance should be addressed during collateral review rather than on direct appeal).

Appellant also challenges the reasonableness of the traffic stop, and, by extension, the trial court's denial of her suppression motion. She contends Officer Zelek lacked reasonable suspicion or probable cause to detain her. However, Appellant mischaracterizes the encounter.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Eichinger***, 915 A.2d 1122, 1134 (Pa. 2007) (citation omitted).

Interactions between law enforcement and citizens fall into one of three following categories.

> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Fleet*, 114 A.3d 840, 845 (Pa. Super. 2015) (citation omitted).

"The reasonableness of a government intrusion varies with the degree of privacy legitimately expected and the nature of the governmental intrusion." *Id*. at 844 (citation omitted). The Pennsylvania Supreme Court has held that a request for identification does not itself escalate an interaction between the police and citizens from a mere encounter to an investigative detention. *See Commonwealth v. Au*, 42 A.3d 1002, 1007 (Pa. 2012).

Instantly, we agree with the trial court's assessment of the interaction—that Officer Zelek's actions constituted a mere encounter. Appellant drove her car into a gas station parking lot and began fueling her vehicle. *See* N.T. Summary Appeal Hearing, 2/18/16, at 8. The officer approached Appellant's vehicle on the passenger side and requested her identification. *Id*. at 9. Appellant then stated, "You know I don't have a license." *Id*. With that, Appellant admitted to the offense of driving without a license and was no longer free to leave. Thus, we find the trial court correctly determined that an initial investigative detention did not occur, and the evidence of Officer Zelek's encounter with Appellant was properly admitted. Appellant's challenge to the reasonableness of the encounter merits no relief.

Appellant raises several additional issues in her brief. However, Appellant failed to preserve those issues in her concise statement of errors

- 7 -

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Consequently, we will not address them on appeal. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) ("[A]ny issues not raised in a Rule 1925(b) statement will be deemed waived[.]") Accordingly, we find Appellant is due no relief on her claims, and we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017