J-S28028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :  PENNSYLVANIA
                                             :
             v.                             :
                                             :
                                             :
ERIK CURTIS STOLEE                 :
                                             :
            Appellant               :  No. 836 MDA 2019

Appeal from the Judgment of Sentence Entered April 22, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005864-2018

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:              **FILED JULY 15, 2020**

Appellant, Erik Curtis Stolee, appeals from the judgment of sentence entered April 22, 2019, as made final by the denial of his post-sentence motion on May 2, 2019, following his guilty plea to driving under the influence ("DUI") of alcohol – general impairment.[1]  We vacate Appellant's judgment of sentence and remand for resentencing as a first-time DUI offender.[2]

The relevant facts and procedural history of this case are as follows. Following entry of Appellant's guilty plea, on April 22, 2019, the trial court

---

[1] 75 Pa.C.S.A § 3802(a)(1).

[2] The Commonwealth argues that we should quash the instant appeal because Appellant failed to prepare or file a reproduced record.  **See** Commonwealth's Brief at 3-5; **see also** Pa.R.A.P. 2154(a).  Because the Commonwealth failed to file an official motion for the dismissal of the matter, we decline to quash this appeal. **See Commonwealth v. Sohnleitner**, 884 A.2d 307, 312-313 (Pa. Super. 2005) (explaining that an "official motion is required for this Court to consider dismissing an appeal upon an allegation of a Rule 2154 violation").

sentenced him "pursuant to 75 Pa.C.S.[A.] § 3804(a)(2) to a term of six [] months intermediate punishment with the first [15] days on house arrest and electronic monitoring." Trial Court Opinion, 7/22/19 at 1. The trial court sentenced Appellant under Section 3804(a)(2) because he was "charged on the instant docket with a second offense due to a prior completion of Accelerated Rehabilitative Disposition ("ARD") for DUI." *Id*. Thereafter, Appellant filed a timely motion for reconsideration, seeking to "bar consideration of [his] prior alleged ARD acceptance for sentencing purposes." Appellant's Motion for Reconsideration, 4/29/19, at *1 (un-paginated). The trial court denied reconsideration on May 2, 2019. Trial Court Order, 5/2/19, at 1. This timely appeal followed.[3]

On appeal, Appellant challenges the constitutionality of 75 Pa.C.S.A. § 3804 (outlining the mandatory minimum sentences for first, second and subsequent DUI offenders) and 75 Pa.C.S.A. § 3806(a)(1) (defining "prior offense" for sentencing purposes to include "acceptance of [ARD]" under the Motor Vehicle Code ("MVC")). Appellant argues that prior acceptance of ARD is a fact that triggers the enhancement of a sentence and, as such, must be found by a jury beyond a reasonable doubt pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013). Because Appellant was not afforded the

---

[3] Appellant filed a notice of appeal on May 22, 2019. On May 28, 2019, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 22, 2019.

constitutional protections set forth in **Alleyne**, he argues that he is entitled to resentencing as a first time DUI offender.

Recently, in **Commonwealth v. Chichkin**, 2020 WL 2552803, at *1 (Pa. Super. May 20, 2020), a panel of this Court addressed the constitutionality of Sections 3804 and 3806 of the MVC. Ultimately, the **Chichkin** court concluded that acceptance of ARD is a "fact" that "must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804." **Id.** at *8. As such, the **Chichkin** Court concluded that, under **Alleyne**, the "the particular provision of 75 Pa.C.S.[A.] § 3806(a), which defines prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes, offends the [d]ue [p]rocess [c]lause and is therefore unconstitutional." **Id.** at *10.

Herein, the trial court considered prior acceptance of ARD as a factor which enhanced Appellant's sentence under Section 3804(a)(2). Nonetheless, "[n]owhere during [Appellant's] guilty plea hearing did the Commonwealth prove, or did [Appellant] concede, that he [accepted ARD for a] prior DUI offense." **Chichkin**, 2020 WL 2552803, at *10, n.14; **see also** N.T. Guilty Plea Hearing, 4/22/19, at 1-7. Thus, the Commonwealth did not establish a necessary element for the enhancement of Appellant's sentence under Section

3804(a)(2). Pursuant to **Chichkin**, we must vacate Appellant's judgment of sentence and remand for resentencing as a first-time DUI offender.[4]

Judgment of sentence vacated. Remanded for resentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/15/2020

---

[4] While there may be some room for disagreement as to whether acceptance of ARD is subject to the principles set forth in **Apprendi v. New Jersey**, 530 U.S. 466 (200) and **Alleyne**, we are bound by the prior panel's conclusion in **Chichkin** unless and until that ruling is overturned by an *en banc* panel of this Court or by our Supreme Court. **See Commonwealth v. Morris**, 958 A.2d 569, 581 n.2 (Pa. Super. 2008) (*en banc*) ("It is well-settled that this Court, sitting *en banc*, may overrule the decision of a three-judge panel of this Court.").