J-A02016-21

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAITLIN MARIE PHILLIPS BAILEY | : | |
| | : | |
| Appellant | : | No. 1761 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000258-2018

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: June 10, 2021**

Appellant Caitlin Marie Phillips Bailey appeals the judgment of sentence imposed following her conviction of driving under the influence–high rate of alcohol (DUI–high rate of alcohol).[1]  Appellant claims the Commonwealth abused its discretion in denying her admission to the Accelerated Rehabilitative Disposition (ARD) program.  We affirm.

On May 6, 2018, Trooper Robert Dittrich of the Pennsylvania State Police arrested Appellant for DUI.  N.T., 8/2/19, at 74, 83.[2]  During his investigation, Trooper Dittrich determined that there was an outstanding warrant for

---

[1] 75 Pa.C.S. § 3802(b).

[2] The face sheet of the notes of testimony list the date of the pre-trial hearing and non-jury trial as September 24, 2019.  However, the docket entries, the trial court's order denying Appellant's omnibus pretrial motion, and trial court's verdict all state that the pre-trial hearing and non-jury trial occurred on August 2, 2019.  Therefore, we abbreviate the notes of testimony as "N.T., 8/2/19."

Appellant from West Virginia. *Id.* at 31-32. Appellant had previously been charged with DUI in West Virginia. *Id.* at 32. The Pennsylvania State Police contacted the relevant authorities in West Virginia, who indicated that they did not want Appellant detained on the warrant but wanted her to turn herself in instead. *Id.* at 32-33, 37-38.

On August 2, 2019, Appellant filed an omnibus pretrial motion captioned "Writ of Habeas Corpus, Motion for New Preliminary Hearing, Motion to Enter ARD Program, and Motion to Conduct Pretrial Questioning" (omnibus motion). The trial court held a hearing on Appellant's omnibus motion that same day. *Id.* at 13. District Attorney Marjorie Fox testified that her office generally does not offer admission to the ARD program to defendants with prior DUI convictions. *Id.* at 47. The district attorney noted her office previously offered ARD to two individuals who each had more than one pending DUI charge. *Id.* at 48. However, those individuals had completed all pretrial requirements for ARD and were not "fugitives." *Id.* at 48. District Attorney Fox stated it was her understanding that as of January 16, 2019, Appellant was a fugitive because Appellant was supposed to turn herself in to West Virginia authorities. *Id.* at 48-49, 56. The district attorney argued that as a result, Appellant was not a good candidate for ARD. *Id.* at 69-70.

Appellant admitted that she was arrested in 2015 in West Virginia, that she was ordered to appear to resolve those charges, but that she failed to appear. *Id.* at 62. Appellant explained that following the arrest in this case, she went to West Virginia to address her DUI case there, and was it continued

- 2 -

to a later date. *Id.* at 63-66. Appellant's West Virginia DUI case was still pending when the trial court held the hearing in the instant case. *Id.* at 65.

The trial court orally denied Appellant's omnibus motion with respect to the request to admit Appellant into the ARD Program. *Id.* at 71-72. That same day, the case proceeded to a non-jury trial at which the trial court found Appellant guilty of DUI–high rate of alcohol.[3] *Id.* at 105-06.

On November 1, 2019 the trial court sentenced Appellant to six months of county intermediate punishment, which included forty-eight hours of home confinement, and imposed a $500.00 fine. That same day, Appellant filed a post-sentence motion, which the trial court denied on November 5, 2019.

Appellant timely appealed from the judgment of sentence. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion incorporating its prior orders denying Appellant's omnibus motion and post-sentence motion and concluded that

> the district attorney did not abuse her discretion when she failed to admit [Appellant] into the ARD Program. . . . [T]he district attorney indicat[ed] that ARD was not offered to [Appellant] as there were pending charges in West Virginia and a bench warrant had been issued for [Appellant] for driving under the influence in th[at] state, and those remained unresolved. The district attorney has broad discretion for the acceptance or denial of admittance into the ARD Program.

Trial Ct. Op., 12/18/19, at 2 (some formatting altered).

_____

[3] On August 7, 2019, the trial court filed its written orders denying Appellant's omnibus pretrial motion and memorializing its verdict. The trial court found Appellant not guilty of DUI–general impairment. 75 Pa.C.S. § 3802(a)(1).

Appellant raises the following issue for our review:

Did the [trial] court err in failing to . . . find that the Greene County District Attorney abused her discretion when she refused to allow the Appellant to enter into the County of Greene's [ARD] Program for the Appellant's first driving under the influence charge even though the Appellant had no prior convictions?

Appellant's Brief at 8 (some formatting altered).

Appellant argues that the district attorney abused her discretion in denying Appellant's request for admission to the ARD program. *Id.* at 17-29. Appellant contends that the district attorney should not have refused her admission into the ARD program because of the pending West Virginia DUI case. *Id.* at 20. Appellant further asserts that the district attorney previously admitted defendants who have been charged with more than one DUI into the ARD program, and that Appellant had not violated any specific, evenly applied policy. *Id.* at 28-29. Therefore, Appellant claims that the district attorney acted arbitrarily and relied on a biased conclusion that Appellant would not successfully complete the program.

The Commonwealth responds that the district attorney did not abuse her discretion in denying Appellant admission into the ARD program because Appellant's prior DUI charge from West Virginia, for which she had an outstanding warrant, was "sufficient reason to deny her entry to the ARD program." Commonwealth's Brief at 7. The Commonwealth argues that the district attorney explained at the hearing that her office admitted individuals with more than one pending DUI charge into the ARD program if they had

completed the pretrial requirements and were not fugitives. *Id.* The Commonwealth asserts that Appellant did not satisfy these criteria. *Id.* at 7-8.

This Court reviews the denial of a defendant's admission into the ARD program for an abuse of discretion. *See Commonwealth v. Gano*, 756 A.2d 680, 682 (Pa. Super. 2000). Likewise, "[u]pon the [district attorney's] denial of a defendant's admission into an ARD program, the trial court's role is limited to whether the [district attorney] abused its discretion." *Commonwealth v. Sohnleitner*, 884 A.2d 307, 313 (Pa. Super. 2005) (citation and footnote omitted).

> It is well settled that
>
> [t]he decision to submit a case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and **without doubt unrelated** to the protection of society or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit it for ARD consideration based on his view of what is most beneficial for society and the offender. A district attorney may base a decision to grant or deny admission to ARD on **any** consideration related to the protection of society and the rehabilitation of the defendant. In effect, the trial court must determine the evidence was insufficient to support a finding that the district attorney's decision was related to the protection of society or the likelihood of success in rehabilitating the defendant. The Commonwealth does not have the burden of proving the absence of abuse of discretion; rather, the petitioner has the burden of proving the Commonwealth's denial of his request was based on prohibited reasons. Admission into the ARD program is intentionally restrictive to ensure the district attorney makes the decision to suspend prosecution pending the successful completion of the ARD program. If the district attorney based his

- 5 -

[or her] decision upon criteria related to the protection of society or the likelihood of a person's success in rehabilitation, then the district attorney's decision will stand.

*Sohnleitner*, 884 A.2d at 313-14 (citations omitted and some formatting altered) (emphasis in original).

Instantly, having reviewed the record, the parties' arguments, and the trial court's opinion and orders, we conclude that the trial court did not abuse its discretion. *See Gano*, 756 A.2d at 682. Appellant failed to carry her burden to prove that the district attorney's decision not to offer her admission to ARD was unrelated to the likelihood of her success in rehabilitation or was based on a prohibited consideration. *See Sohnleitner*, 884 A.2d at 313. Accordingly, the trial court was required to accept the district attorney's decision. *See id.* at 314. Therefore, no relief is due from the order denying Appellant's motion for admission into the ARD program.

Judgment of sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2021