447 A.2d 1041

**COMMONWEALTH of Pennsylvania**

v.

**Melvin YANCEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1980.

Filed July 16, 1982.

428

Brian S. Quinn, Havertown, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

This is an appeal *nunc pro tunc* from the judgment of sentence entered by the Court of Common Pleas of Delaware County.

Following a jury trial on December 18, 1975, appellant, Melvin Yancey, was found guilty of robbery, theft by receiv-

ing stolen property, theft by unlawful taking, recklessly endangering another, simple assault, crimes committed with firearms, felonious restraint, false imprisonment and conspiracy. Appellant was sentenced to a term of imprisonment of ten to twenty years on the robbery charge, a term of imprisonment of two and one-half to five years on the charge of theft by unlawful taking to run consecutively to the robbery sentence; and, a term of imprisonment of two and one-half to five years on the charge of theft by receiving stolen property to run consecutively to the robbery sentence and to run concurrently with the theft sentence. Sentence was imposed immediately following the return of the jury's verdict; no opportunity to file post-trial motions was given to appellant. However, on May 13, 1977, a motion for new trial *nunc pro tunc* was entertained by the lower court and thereafter dismissed. A *pro se* petition for leave to appeal *nunc pro tunc* was denied *per curiam* by our court on March 7, 1978. On a *pro se* petition for allowance to proceed *nunc pro tunc*, the Supreme Court on May 15, 1978, granted appellant the right to file an appeal with our Court *nunc pro tunc*. It is that *nunc pro tunc* appeal which is presently before our court.

On appeal appellant raises several counts of ineffectiveness: including, (1) whether counsel was ineffective for failing to file for dismissal of the charges under Pa.R. Crim.P., Rule 1100(f); (2) whether counsel was ineffective for failing to investigate, interview and compel the attendance of certain witnesses; and (3) whether appellant was denied effective assistance by the unauthorized silent withdrawal of counsel during certain pre-trial and post-verdict stages of the case. Appellant also maintains that the sentence imposed was illegal: that is, the lower court violated the procedural guidelines set for sentencing, and the sentences imposed for the theft offenses and the robbery offense violate the merger doctrine.

The ineffectiveness claims are not ripe for appellate review; no evidentiary hearing was held on these claims, and the present state of the record is insufficient to make a

final determination of the claims. *Commonwealth v. Schroth*, 490 Pa. 232, 415 A.2d 1219 (1980).[1] Accordingly, the record must be remanded to the lower court to conduct an evidentiary hearing.

We have, however, an additional problem that must be disposed of immediately. That is, appellant's merger argument does have merit.[2] Appellant was sentenced on charges of theft by unlawful taking and theft by receiving stolen property, such concurrent sentences to run consecutively with the sentence imposed on the charge of robbery. In *Commonwealth v. Simmons*, 233 Pa. Superior Ct. 547, 336 A.2d 624 (1975), our court concluded that the crime of theft by receiving stolen property merged into the crime of theft by unlawful taking or disposition. And in *Commonwealth v. Brooks*, 242 Pa. Superior Ct. 7, 363 A.2d 1132 (1976) and *Commonwealth v. Stevens*, 237 Pa. Superior Ct. 457, 352 A.2d 509 (1975), our Court held that sentencing a defendant for robbery, theft and simple assault violated the doctrine of

1. We ask that the lower court pay particular attention to appellant's Rule 1100 claim. To establish a Rule 1100 claim, the defendant is obliged to have the lower court rule on its merits prior to trial. The defendant must file either a motion to dismiss under Rule 1100(f) or contest the Commonwealth's petition to extend. Absent pursuit of one of these alternatives, the claim is waived. Herein, the Commonwealth never filed an extension petition, thus eliminating that avenue to preserve the Rule 1100 claim. The alternate route, the filing of a Rule 1100(f) motion, was never pursued by appellant's counsel, and it is precisely this failure of which appellant complains. *See Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Woods*, 275 Pa. Superior Ct. 392, 418 A.2d 1346 (1980).

   Given the applicable dates in a Rule 1100 situation, it appears that a violation of the speedy trial rule may have occurred, and counsel's failure to preserve the claim becomes questionable. An evidentiary hearing should provide the answer. Perhaps appellant waived his Rule 1100 rights. And although this right may be waived, it is the Commonwealth's distinct burden to establish the validity of the waiver. The record must indicate that the waiver was made voluntarily and understandably by the accused. *Commonwealth v. Guldin*, 278 Pa. Superior Ct. 69, 419 A.2d 1360 (1980).

2. Because illegality of sentence is not a waivable issue, it is properly raised at this time. *Commonwealth v. Walker*, 486 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Miranda*, 296 Pa. Superior Ct. 441, 459 n.17, 442 A.2d 1133, 1142 n.17 (1982); *Commonwealth v. Schilling*, 288 Pa. Superior Ct. 359, 431 A.2d 1088 (1982).

merger. *See also Commonwealth v. Jellots*, 262 Pa. Superior Ct. 17, 396 A.2d 461 (1978). Thus, the sentences imposed for the theft charges must be vacated.

The record in this matter is remanded to the Court of Common Pleas of Delaware County for an evidentiary hearing to determine whether appellant was denied effective assistance of counsel on the three points previously outlined in our Opinion. If, following the hearing, it is determined that appellant was denied effective assistance of counsel, an order shall be entered granting appropriate relief. If it is determined that appellant was not denied effective assistance of counsel, appellant is to be resentenced on the robbery charge, and once the judgment of sentence has been imposed, appellant may file an appeal at a new number and term.

We relinquish jurisdiction.