458 A.2d 244

**COMMONWEALTH of Pennsylvania**

v.

**Michael WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1982.

Filed March 31, 1983.

78

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and MONTEMURO, JJ.

WIEAND, Judge:

Michael Wilson was tried by jury and, although acquitted of burglary, was found guilty of theft by unlawful taking[1] and receiving stolen property.[2] After post verdict motions had been denied, Wilson was sentenced to concurrent terms of imprisonment for not less than one nor more than five years. On direct appeal, he contends that the evidence was insufficient to support the verdicts of guilty and that the sentences were illegal. Our review of the record discloses that there was adequate evidence to sustain the convictions but that the imposition of dual sentences under the circumstances of this case was illegal.

■ In determining the sufficiency of the evidence, we are required to view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner. The test is whether, accepting as true all evidence and reasonable inferences favorable to the Commonwealth, the evidence is sufficient to prove beyond a reasonable doubt that a crime was committed and that appellant was the perpetrator. *Commonwealth v. Goldblum*, 498 Pa. 455, 466, 447 A.2d 234, 240 (1982); *Commonwealth v. Horner*, 497 Pa. 565, 568, 442 A.2d 682, 683 (1982); *Commonwealth v. Young*, 494 Pa. 224, 228, 431 A.2d 230, 232 (1981); *Commonwealth v. Lowry*, 306 Pa.Super. 277, 279, 452 A.2d 552, 553 (1982); *Commonwealth v. Stasiak*, 305 Pa.Super. 257, 263, 451 A.2d 520, 523 (1982).

1. 18 Pa.C.S. § 3921.

2. 18 Pa.C.S. § 3925.

■ A brief summary of the evidence, which consisted of testimony by the arresting officer and the owner of the burglarized store, discloses the following facts. At approximately 11:40 p.m. on February 27, 1979, Officer Thomas Hoban, while on routine patrol, received a call to investigate a break in at the "Little Card Shop" located at 44 North Eighth Street in the City of Philadelphia. Within three or four minutes thereafter Hoban found appellant running in the 900 block of Market Street, approximately one and a half blocks from the burglarized card shop. Appellant was carrying a stereo component receiver, with dangling wires. Tangled in the wires were items of costume jewelry bearing tags marked "Little Card Shop." Other articles of jewelry with similarly marked tags were found in appellant's pockets.

Naomi Brill, the owner of the Little Card Shop, arrived at her store shortly after midnight in response to a police summons. She observed that a plate glass window had been broken and that display cases in the shop had been ransacked and overturned. Numerous items from the front of the store were found to be missing. She said that she did not know appellant, and had not given him permission to enter the store through the window or take property from the store. She identified the items found in appellant's possession and estimated their value to be $575.00.

This evidence, although circumstantial, was sufficient, if believed by the fact finder, to support findings that appellant was guilty of theft by unlawful taking and theft by receiving stolen property. It was sufficient to permit a finding that appellant unlawfully took and exercised control over movable property of another with intent to deprive the owner thereof. 18 Pa.C.S. § 3921(a). Appellant's unexplained possession of the stolen property within minutes after the theft had occurred and while he was running away from the location of the store where the theft had occurred were circumstances from which a legitimate inference of guilt could be drawn. *Commonwealth v. Williams,* 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Lovette,* 271

Pa.Super. 250, 413 A.2d 390 (1979), *rev'd on other grounds,* 498 Pa. 665, 450 A.2d 975 (1982); *Commonwealth v. Plath,* 267 Pa.Super. 1, 405 A.2d 1273 (1979); *Commonwealth v. Bailey,* 250 Pa.Super. 402, 378 A.2d 998 (1977); *Commonwealth v. Murray,* 246 Pa.Super. 422, 371 A.2d 910 (1977); *Commonwealth v. Franks,* 235 Pa.Super. 327, 340 A.2d 456 (1975); *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975). See also: *Commonwealth v. Vernille,* 275 Pa.Super. 263, 418 A.2d 713 (1980); *Commonwealth v. Jones,* 242 Pa.Super. 471, 364 A.2d 368 (1976). This evidence was also sufficient to sustain the jury's finding that appellant had been in possession of stolen property with knowledge that such property was stolen. *Commonwealth v. Williams, supra; Commonwealth v. Stasiak, supra; Commonwealth v. Bellachio,* 296 Pa.Super. 468, 442 A.2d 1147 (1982); *Commonwealth v. Worrell,* 277 Pa.Super. 386, 419 A.2d 1199 (1980); *Commonwealth v. Lovette, supra; Commonwealth v. Fox,* 259 Pa.Super. 565, 393 A.2d 970 (1978); *Commonwealth v. Franks, supra.* Not only did appellant have the stolen goods in his possession but tags attached to the goods identified the true owner.

▉ For purposes of sentencing, however, the crime of theft by receiving stolen property merged into the crime of theft by unlawful taking. *Commonwealth v. Yancey,* 301 Pa.Super. 427, 431, 447 A.2d 1041, 1043 (1982); *Commonwealth v. Simmons, supra* 233 Pa.Super. at 560–561, 336 A.2d at 631. See also: 18 Pa.C.S. § 3902. The imposition of separate sentences, therefore, was improper. See: *Commonwealth v. Haines,* 296 Pa.Super. 257, 442 A.2d 757 (1982); *Commonwealth v. Yancey, supra; Commonwealth v. Brown,* 290 Pa.Super. 448, 434 A.2d 838 (1981); *Commonwealth v. Boerner,* 281 Pa.Super. 505, 422 A.2d 583 (1980); *Commonwealth v. Simmons, supra.* The legality of the sentences imposed, even though not raised by petition to modify sentence, is not waived and may be raised for the first time on appeal. *Commonwealth v. Walker,* 468 Pa. 323, 330 n. 3, 362 A.2d 227, 230 n. 3 (1976); *Common-*

*wealth v. Moore*, 300 Pa.Super. 488, 493, 446 A.2d 960, 963 (1982).

We need not remand for resentencing. By imposing concurrent sentences the trial court indicated that it considered the sentence to be for one and the same criminal act. Thus, we are able to conclude that the sentence for theft by unlawful taking was not influenced by the sentence for theft by receiving stolen property. Consequently, we will vacate the sentence for receiving stolen property and affirm the judgment of sentence for theft by unlawful taking.

The judgment of sentence for theft by receiving stolen property is vacated. The judgment of sentence for theft by unlawful taking is affirmed.