## Commonwealth v. Sharon

*Brandan J. Vanston,* district attorney, for the Commonwealth of Pennsylvania.
*Joseph S. Falcheck,* for defendant.

GARDNER, *P.J.,* November 28, 1983—This matter arises as a result of a motion for new trial and/or in arrest of judgment. On December 2, 1982, defendant, Thomas Sharon, was charged with violating Section 3362 of the Vehicle Code,[1] exceeding the maximum speed limit, and was subsequently found guilty by District Justice Marion J. Robinson. A hearing de novo was then held in this court, whereupon we also entered a verdict of guilty against defendant. It is from that verdict that the instant motions stem.

In support of this motion, defendant advances three arguments. Included in these is the allegation that the Commonwealth failed to establish the existence of warning signs and/or certified municipal ordinances, which he asserts are required elements the Commonwealth must prove in this case pursu-

---

1. The Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, 75 Pa.C.S.A. §3362(a)(3).

ant to 75 Pa.C.S.A. §6109 and 75 Pa.C.S.A. §6102(b), respectively.

In support of his position that the use of "Vascar" in a given area must be accompanied by signs warning drivers of the enforcement method, the defendant relies almost exclusively on Commonwealth v. Herdman, 21 D. & C.3d 48 (1981). This case is, of course, only persuasive in this court and will be discussed accordingly.

In Herdman, supra, Judge Creany held that a municipality must post notice of enforcement of speed restrictions through the use of a device (such as Vascar) prior to using such an enforcement device. Judge Creany arrived at this decision by analyzing Section 6109. Subsection (a) of 6109 enumerates a list of 23 paragraphs which are presumed to be reasonable exercises of police power. The relevant paragraphs, for our sake, are as follows:

(10) Altering or establishing speed limits as authorized in Subchapter F of Chaper 33 (relating to speed restrictions).

(11) Enforcement of speed restrictions authorized under Subchapter F of Chapter 33, except that speed restrictions may be enforced by local police on a limited access or divided highway only if it is patrolled by the local police under the terms of an agreement with the Pennsylvania State Police.

Section 6109(c) specifically limits certain of the twenty-three enumerated paragraphs of Section 6109(a) by stating:

"No regulation or ordinance enacted under subsection (a)(1), (4), (5), (6), (7), (9), (10), (11), (12), (13), (14), (15), (16), or (21) shall be effective until official traffic-control devices giving notice of the traffic regulations or ordinances are erected upon or at the entrances to the highway or part thereof affected as may be most appropriate."

From these two sections of the Vehicle Code, Judge Creany reached the aforementioned conclusion that signs must be erected advising motorists that a speed-timing device is in use. However, we do not agree with Judge Creany's analysis.

We understand the above-discussed subsections of Section 6109 to mean only that the "speed limit", and not how it is enforced, must be posted. We think that Commonwealth v. Heenan, 22 D. & C.3d 396 (1982), more accurately reflects the legislature's intent. In Heenan, supra, at 398, Judge Lavelle opined that:

"Nowhere in the Vehicle Code is there to be found any requirement that the Commonwealth or municipal subdivisions thereof post signs warning motorists that a . . . speed measuring instrument is in use in an area."

We find additional support for this position from the present Vehicle Code, which omitted Section 3368(c)(2), requiring the posting of warning signs where radar was used as a speed-timing device. By analogy, if there every was a requirement that a police department's use of Vascar be posted on the roads and highways where the device is in use, that requirement disappeared upon the enactment of the 1976 Vehicle Code.

Part of the same argument put forth by the defendant is that an ordinance must be enacted by the municipality utilizing the speed-timing device, before the police department can use the device. Again, the defendant turns to Herdman to bolster his position.

The court in Herdman looked to Section 6102(b), which states that "local authorities may exercise the powers granted to them in this chapter only by duly enacted ordinances of their governing bodies," and held that such an ordinance is required in all cases.

Again, however, we think the Herdman analysis is erroneous.

Section 3368(c), which authorizes the use of mechanical, electrical, and electronic speed-timing devices, states, in relevant part, that "the rate of speed of any vehicle may be timed on any highway by a police officer using a mechanical or electrical speed-timing device."[2]

It is axiomatic that whenever a conflict exists between statutes, the more specific must be considered controlling over a general one, unless intended otherwise. See e.g., United States v. City of Chester, 144 F.2d 415 (Third Cir. 1944), and In Re: Waits Estate, 336 Pa. 151, 7 A.2d 329 (1939). There can be no argument that between Sections 6102(B) and 3368(c), the latter is far more specific and, therefore, controlling the instant matter. If the legislature had intended to limit the power they granted to the local police departments in Section 3368(c), they would have expressly done so.

Also, there is a rule of construction which requires that a statute be read in a manner which will effectuate its purposes. Commonwealth, Human Relations Commission v. Transit Casualty Insurance Company, 478 Pa. 430, 387 A.2d 58 (1978). The purpose of Section 3368 is to provide for effective enforcement of the established speed limits, and any contrary reading of the code will certainly not effectuate the purposes of the code.

Hence, we find defendant's argument that there must be an enacting ordinance and warning signs advising motorists of the use of Vascar without merit.

---

2. Defendant does not contest the fact that Vascar is an authorized electrical device.

Defendant's second argument is that the Commonwealth must introduce into evidence a certificate of accuracy of the testing distance course and the failure to do so precludes a verdict of guilty.

However, "in determining sufficiency of evidence, the court is required to view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner." Commonwealth v. Wilson, 461 Pa. Super. 278, 458 A.2d 244 (1983).

In light of this standard we need look no further than the notes of testimony to dispose of the defendant's assertion. At Pages 4 and 5, Patrolman Neary stated that he calibrated the Vascar unit on an "established quarter mile course" on Route 92. Viewed in the light most favorable to the Commonwealth, this evidence is clearly sufficient to uphold defendant's conviction.

Defendant also cites Commonwealth v. Brody, 25 D. & C.3d 338 (1982), to support his position. However, that case merely stands for the proposition that "the distance traveled while timed by a stopwatch . . . is a necessary element to establish the defendant's speed." This element was clearly established by the testimony of Patrolman Neary.[3]

Finally, defendant asserts that the Commonwealth has failed to properly identify him. We find absolutely no merit in this argument.

At page 6 of the notes of testimony, when asked if he determined who the operator of the speeding vehicle was, Patrolman Neary responded that it was Thomas Mark Sharon. Defendant contends that this identification is insufficient to sustain the guilty charge. Again, though, it must be remembered that

---

3. Notes of testimony, Page 6.

the sufficiency of evidence must be viewed in the light most favorable to the Commonwealth. Thus, the officer's identification of defendant is sufficient.

For the foregoing reasons, defendant's motions must be denied.

## ORDER

And now, November 28, 1983, for the reasons set forth in the opinion of even date attached hereto.

It is ordered that defendant's motion for new trial and/or in arrest of judgment be and the same is hereby denied.

It is further ordered that defendant shall present himself for sentence on a day and at a time to be scheduled by the District Attorney of Wyoming County.