J-A26026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                     :           PENNSYLVANIA
                                       :
              v.                            :
                                       :
                                       :
NICHOLAS TIMM GINGRICH            :
                                       :
           Appellant                :      No. 451 MDA 2017

Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000912-2016

BEFORE: BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY OLSON, J.:                **FILED MARCH 20, 2018**

      Appellant, Nicholas Timm Gingrich, appeals from the judgment of sentence entered on February 13, 2017. We vacate and remand for resentencing.

      The Commonwealth charged Appellant with one count of theft by unlawful taking and one count of receiving stolen property.[1] Both charges arose from Appellant's theft of $1,590.00 from Planet RYO from August 4, 2015 through November 13, 2015. **See** Commonwealth's Information, 3/7/16, at 1. As the trial court thoroughly explained:

> On February 10, 2016, [Appellant] filed an application with the district attorney's office for admission to the Accelerated Rehabilitative Disposition (ARD) program. On March 16, 2016, [Appellant] received written notice from the district

---

[1] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

attorney that he was determined eligible for the ARD program. The letter also outlined the conditions [Appellant] would need to complete and directed [Appellant] to appear on April 26, 2016, before [the trial court,] for admission into the ARD program. [Appellant's] special conditions included completing 35 hours of community service within four months, complet[ing] a mental health evaluation and recommended treatment within six months, and pay[ing] restitution in the amount of [$590.00] by April 26, 2016.

On April 26, 2016, [Appellant] failed to appear before the [trial] court. On April 28, 2016, notice was sent to [Appellant] that his application for admission into ARD was denied by the district attorney for failure to appear on April 26, 2016 and for failure to make the required restitution payment. . . .

On May 3, 2016, counsel for [Appellant] submitted to the district attorney a request for reconsideration of his application into ARD. Counsel indicated that the public defender's office routinely advises any inquiring defendant that if he/she cannot make the restitution payment required, the inquiring defendant need not appear before the [trial] court and the ARD application will be rejected. Further, defense counsel asserted that the district attorney's rejection of [Appellant] for failure to pay restitution was unconstitutional and cited to [***Commonwealth v. Melnyk***, 548 A.2d 266 (Pa. Super. 1988) for support].

On May 4, 2016, the district attorney's office sent notification to [Appellant,] advising that he was being given reconsideration for ARD. The special conditions were slightly amended to increase his community service hours to [40; however, Appellant was still required to pay $590.00 as a condition precedent to being placed into ARD. ***See*** Amended ARD Conditions, dated 5/4/16, at 2. Appellant] was directed to appear before the [trial court] on May 31, 2016 [for his ARD admission hearing]. . . .

On May 13, 2016, [Appellant's] counsel filed a Motion for Payment Determination with the [trial court] and requested a continuance of the [May 31, 2016] ARD admission hearing. [The trial court did not grant Appellant's requested continuance. Moreover, Appellant] did not appear [for the

scheduled, May 31, 2016] ARD admission hearing. . . . On June 2, 2016, [Appellant] was notified by the district attorney's office that his ARD application was denied as a result of his failure to appear in court on May 31, 2016.

A hearing on [Appellant's] Motion for Payment Determination was held on June 27, 2016. At the hearing [Appellant's] counsel indicated that the relief sought by the motion was a determination by the [trial] court as to whether [Appellant] could pay the required restitution within the ARD time period of [12] months. The Commonwealth asserted that [Appellant] had been given two opportunities to come before the [trial] court at the previously scheduled ARD hearing[s] held on April 26, 2016 and May 31, 2016.

[During the June 27, 2016 hearing,] testimony was offered by [Appellant] as to his expenses, however, it was woefully inadequate. [Appellant] testified to rent expense of $542.00 per month, electric bill of $75.50 per month (with a past due balance of $1376), cell phone bill of $217.90 per month (with an installation balance of $268.88), car payment of $281.67 per month, and car insurance of $74.00 per month. No testimony was offered as to living expenses such as food, gasoline, clothing, toiletries, etc. The total of the expenses presented by [Appellant] was $1191.27 per month against a monthly income of $1148.37.

[Appellant] asserted that his rent expense would decrease in the near future when he moved to another location and that he would begin to earn commissions at his employment[; however,] no verifiable evidence was presented regarding these possible future events. [Further, Appellant] acknowledged on cross-examination that between the time he was charged [with committing the offenses] and the June 27, 2016 hearing, he had put aside no funds to be paid towards restitution. . . .

Based upon the testimony offered, the [trial] court directed [Appellant] to provide to the district attorney's office within ten days a complete budget, including what ability to pay restitution was currently in existence. The Commonwealth was directed to review the information and provide any

possible alternatives to admitting [Appellant] into the ARD program.

[Appellant] timely submitted a budget to the district attorney's office, with no supporting documentation as to how it was calculated that his income had increased by [$150.00] per month in less than ten days. No lease agreement was included that would support [Appellant's] claim that his rent obligation would decrease from [$542.00] per month to [$125.00] per month. Additionally, calculations were not accurately made to account for the fact that there are more than four weeks in [11] out of the [12] months of the calendar year. . . .

Accepting the information provided on its face with only adjustments of the information contained within the budget to reality, [the trial court] calculate[d] the budgeted income as [$1300.00] per month versus expenses of [$1031.00 per month] (not including any payment towards ARD costs or restitution). No explanation was offered as to how [Appellant's] financial condition improved within a week to provide him with disposable income of [$269.00,] with more expenses[,] than the earlier evidence of [$43.00] of disposable income (with less expenses) at the time of the [June] 27, 2016 hearing.

Trial Court Opinion, 4/12/17, at 1-7 (internal footnote and some internal capitalization omitted).

On July 18, 2016, Appellant filed a "Motion to Compel Admission into the ARD Program" (hereinafter "Motion to Compel ARD"). Within the motion, Appellant asserted his indigency and claimed that the district attorney had rejected him from ARD simply because he was unable to pay the required restitution. Appellant's Motion to Compel ARD, 7/18/16, at 1. In particular, Appellant claimed that the district attorney rejected him from ARD because he could not pay the requisite, "up front" $590.00 portion of

his mandatory restitution, as specified in the "ARD Conditions" and "Amended ARD Conditions." *Id.* at 4. Appellant claimed that the district attorney's action violated his rights under the due process and equal protection clauses of the United States and Pennsylvania Constitutions. *Id.*

The Commonwealth responded to Appellant's Motion to Compel ARD and noted that the district attorney did not deny Appellant admission into the ARD program because of his indigency. Rather, Appellant was rejected from the program because he failed to appear for his scheduled, May 31, 2016 ARD hearing. Commonwealth's Memorandum of Law in Opposition to Appellant's Motion, 8/22/16, at 6 ("[i]n the instant matter, . . . [Appellant] had been accepted into the ARD program but was subsequently denied for failing to appear in court"); *see also* ARD Denial Notice, 6/2/16, at 1 ("[y]our application for [ARD] has been denied due to the following reason(s): failure to appear at ARD court on 5/31/2016") (some internal capitalization omitted). In the alternative, the Commonwealth claimed that, if it wished, it was permitted to reject Appellant from ARD because Appellant was unable to pay the restitution. *See* Commonwealth's Memorandum of Law in Opposition to Appellant's Motion, 8/22/16, at 6-7.

On October 13, 2016, the trial court entered an order denying Appellant's Motion to Compel ARD.

Following a stipulated bench trial, the trial court found Appellant guilty of theft by unlawful taking and receiving stolen property. On February 13,

2017, the trial court sentenced Appellant to serve 12 months of probation on both counts. N.T. Sentencing Hearing, 2/13/17, at 6.

Appellant filed a timely notice of appeal. In response, the trial court issued an opinion, in which it explained that it denied Appellant's Motion to Compel ARD because: 1) "[o]n two separate occasions, [Appellant] failed to appear for his ARD admission hearing, which in and of itself would provide the district attorney with a legitimate basis to deny admission into ARD" and 2) during the June 27, 2016 hearing, Appellant did not demonstrate that he was willing to make a *bona fide* effort to pay his restitution. Trial Court Opinion, 4/12/17, at 7-12. With respect to the latter reason, the trial court noted that Appellant continued to spend large amounts of money on discretionary goods and services, refused to budget for his restitution payments, and, during the hearing, merely speculated as to his income sources and expenses. *Id.* at 10-11.

Appellant now raises two claims to this Court:

[1.] Whether the trial court erred in denying [Appellant's] Motion to Compel Admission into the ARD Program where, despite being unable to pay a portion of restitution before entry into the program, he showed a willingness to make a *bona fide* effort to pay his restitution and there was good cause for his failure to appear at his placements due to his inability to pay beforehand and the fact that his motion regarding same was unresolved[?]

[2.] Whether the trial court erred in failing to merge [Appellant's] conviction for receiving stolen property into his theft by unlawful taking conviction[?]

Appellant's Brief at 4.

- 6 -

Appellant first claims that the trial court erred in denying his Motion to Compel ARD, as the district attorney denied his ARD application on the impermissible basis that he was indigent and unable to pay his mandatory restitution. We conclude that the trial court did not err in denying Appellant's motion, as the district attorney did not deny Appellant's application because Appellant was indigent or because Appellant was unable to pay the restitution – but rather because Appellant "fail[ed] to appear at ARD court on 5/31/2016." ARD Denial Notice, 6/2/16, at 1.

We have explained:

> ARD is a privilege, not a right, and the decision to submit a matter for ARD is in the sole discretion of the district attorney. While the district attorney's discretion is broad, and appellate review of such decisions is narrow, the district attorney's power is not completely unfettered and is subject to the following judicially imposed restrictions: 1) an open, on-the-record specification of reasons which are 2) related to society's protection or the defendant's rehabilitation. Where, however, the decision to reject an ARD candidate is wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of the candidate's success in rehabilitation, the district attorney has abused his discretion.
>
> An abuse of discretion is established where the decision to reject a person for ARD is based, for example, on race or religion. However, any policy rationally related to society's protection or an individual's ability to succeed under the program is acceptable and is not considered an abuse of discretion.

*Commonwealth v. Morrow*, 650 A.2d 907, 910-911 (Pa. Super. 1994) (internal quotations and citations omitted). Moreover, and importantly, "[t]he Commonwealth does not have the burden of proving the absence of

abuse of discretion; rather, the petitioner has the burden of proving the Commonwealth's denial of his request was based on prohibited reasons." *Commonwealth v. Sohnleitner*, 884 A.2d 307, 314 (Pa. Super. 2005). If the petitioner fails to disprove that "the district attorney based his decision upon criteria related to the protection of society or the likelihood of a person's success in rehabilitation, then the district attorney's decision will stand." *Id.*

On appeal, Appellant claims that the district attorney denied his ARD application on the impermissible basis that he was indigent and unable to pay his restitution. Appellant claims that the district attorney's actions violate the due process and equal protection clauses of the United States Constitution and this Court's pronouncement in *Melnyk*, 548 A.2d at 266. Appellant's claim is based upon a distorted reading of the record and thus fails.

In *Melnyk*, this Court held:

> [I]n ARD determinations, the district attorney and the court must inquire into the reasons for the petitioner's inability to pay restitution. If the petitioner shows a willingness to make a *bona fide* effort to pay whole or partial restitution, the State may not deny entrance to the ARD program. If the petitioner has no ability to make restitution despite sufficient *bona fide* efforts to do so, the State must consider alternative conditions for admittance to and completion of the ARD program. To do otherwise would deprive the petitioner [his] interest in repaying [his] debt to society without receiving a criminal record simply because, through no fault of [his] own, [he] could not pay restitution. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Melnyk*, 548 A.2d at 272.

Contrary to Appellant's claims, *Melnyk* is not applicable to the case at bar. Indeed, as the trial court found, the district attorney did not reject Appellant from the ARD program because of indigency. Rather, as the trial court held, the district attorney rejected Appellant because he failed to appear for the May 31, 2016 hearing.[2] The evidence supports this factual finding.

As noted, on March 16, 2016, the district attorney conditionally approved Appellant for entry into the ARD program. The March 16, 2016 letter from the district attorney to Appellant directed Appellant to appear for an April 26, 2016 ARD admission hearing and to pay $590.00 in restitution by the hearing date. Appellant, however, did not pay the restitution and did not appear for the April 26, 2016 hearing. As a result, the district attorney sent Appellant notice that his application for ARD had been rejected for the

---

[2] The trial court also held that, during the June 27, 2016 hearing, Appellant failed to demonstrate that he would make a *bona fide* effort to pay his restitution. Trial Court Opinion, 4/12/17, at 10-11. However, as this Court held in *Sohnleitner*, "[i]f the decision of the district attorney is related to the protection of society or the likelihood of a person's success in rehabilitation, the trial court is no longer in a position to continue inquiry." *Sohnleitner*, 884 A.2d at 314. Therefore, once the trial court concluded that the district attorney denied Appellant's ARD application because Appellant failed to appear for the May 31, 2016 hearing – and not because of a genuine inability to pay restitution – the trial court was "no longer in a position to continue inquiry" into whether the district attorney abused its discretion in denying Appellant's ARD application. *Id.*

following reasons: 1) "failure to appear at ARD court on 4/26/16" and 2) "failure to pay restitution due at ARD court." ARD Denial Notice, 4/28/16, at 1.

On May 3, 2016, Appellant's attorney wrote a letter, requesting that the district attorney reconsider Appellant's application into the ARD program. As a result, the district attorney again conditionally accepted Appellant into the ARD program. The district attorney's conditional acceptance notice directed Appellant to appear for a May 31, 2016 ARD admission hearing and specifically informed Appellant: "[f]ailure to appear [for the scheduled May 31, 2016 hearing] will result in your case being rejected from the ARD program and scheduled for trial." Amended ARD Conditions, dated 5/4/16, at 1.

Appellant simply did not appear for the May 31, 2016 ARD admission hearing – and, during the May 31, 2016 hearing, Appellant's counsel had no explanation for Appellant's failure to appear. *See* N.T. ARD Admission Hearing, 5/31/16, at 10 (when asked why Appellant failed to appear at the hearing, Appellant's counsel informed the trial court: "Your Honor, I believe he's working today. I would be lying if I said I've spoken to him. I have not since I filed the motion"). Because of Appellant's failure to appear, the district attorney then declared: "[t]he standard thing we do at this point is to remove him from the list. If there's no rationale for it, that's what we would do." *Id.*

Thus, on June 2, 2016, the district attorney sent Appellant notice that his ARD application had been denied for one reason: "failure to appear at ARD court on 5/31/2016." ARD Denial Notice, 6/2/16, at 1.

Further, during the June 27, 2016 hearing, the Commonwealth acknowledged that it was not permitted to reject Appellant from the ARD program if Appellant were indigent and genuinely unable to make the restitution payments. *See* N.T. Hearing, 6/27/16, at 4 (the Commonwealth acknowledged that, after it received notice that Appellant claimed indigency, there was a need to "examine [Appellant] as to his ability to make the ARD payments that were requested as required by ***Commonwealth*** [***v.***] ***Melnyk***"). N.T. Hearing, 6/27/16, at 4. However, as the Commonwealth declared during the June 27, 2016 hearing, Appellant failed to appear for the May 31, 2016 hearing and, as a result of this failure to appear, the district attorney rejected Appellant from the program. ***Id.*** Indeed, during the June 27, 2016 hearing, the district attorney repeatedly declared that Appellant had been rejected from the ARD program for one reason: because he failed to appear for the scheduled, May 31, 2016 hearing. The district attorney informed the trial court:

> When the [initial ARD admission hearing] was scheduled for April [26, 2016,] when [Appellant] failed to appear, [Appellant] was rejected.
>
> Defense counsel at that point presented to the Commonwealth, I guess a letter [] referencing this ***Melnyk*** case, indicating that [Appellant] should have an opportunity

to explain, and the reason that he didn't appear was he was instructed by the Public Defender's Office not to appear.

It was on that basis, out of a sense of fairness that we wanted to give [Appellant] an opportunity to explain why he could not make his payments, and the matter was then rescheduled for May 31[, 2016].

After [Appellant] did not appear on May 31, he was again rejected.

. . .

The first hearing I understand. The . . . [public defender's] office had a light fumble. Okay. Well, so in fairness requires him back. **But, when you don't show up a second time, and made no effort to do that, and inquiry was made at that time before [the trial court judge], both counsel and I were [] present, and I asked, why has he not appeared? And there was no answer from defense counsel and we still haven't heard one today.**

**This does not – is not a demonstration that he's going to comply with the rehabilitation that ARD is supposed to provide.**

*Id.* at 34-35 and 38-39 (emphasis added).

The trial court viewed the evidence of record and concluded that the district attorney did not reject Appellant because of indigency – but, rather, because he failed to appear for his scheduled, May 31, 2016 hearing. Trial Court Opinion, 4/12/17, at 9-10. Moreover, the trial court also heard Appellant's testimony at the June 27, 2016 hearing and concluded that Appellant did not demonstrate that he was willing to make a *bona fide* effort to pay his restitution. *Id.* at 10-11. Indeed, the trial court concluded that Appellant continued to have substantial discretionary expenses, refused to

budget for his restitution payments, and, during the hearing, merely speculated as to his income sources and expenses. *Id.* at 10-11.

The trial court's factual findings in this case are supported by the record and demonstrate that the district attorney did not deny Appellant's ARD application because of Appellant's indigency, but rather because Appellant failed to appear for the May 31, 2016 hearing.[3] As such,

_____

[3] Within the Commonwealth's brief, the Commonwealth notes that it denied Appellant's ARD application because Appellant "fail[ed] to appear in court" for the May 31, 2016 hearing. Commonwealth's Brief at 21. Nevertheless, the Commonwealth also argues in its brief that it could have denied Appellant's application based upon Appellant's indigency and inability to pay the mandatory restitution. *See id.* In particular, the Commonwealth argues that, since "[t]he restitution owed by [Appellant] is a mandatory obligation pursuant to 18 [Pa.C.S.A. §] 1106 . . . [Appellant's] ability to pay . . . [is] of no concern or import to the case at hand." *Id.* at 21-22. We are disturbed by the Commonwealth's insistence that it could deny Appellant's application based upon a genuine inability to pay restitution. Regardless of whether restitution is mandatory or discretionary at sentencing, a petitioner's *bona fide* inability to pay the restitution obligation is a factor that is "wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of the candidate's success in rehabilitation." *Morrow*, 650 A.2d at 910-911. Further, as this Court has recognized, such discrimination violates the due process clause of the United States Constitution. *Melnyk*, 548 A.2d at 270-272.

Nevertheless, since the district attorney did not deny Appellant's ARD application upon the impermissible reason that, "through no fault of [his] own, [Appellant] could not pay restitution," we conclude that the Commonwealth's erroneous argument does not require reversal. *See id.*

Appellant's claim that the district attorney denied his application upon an impermissible basis fails.[4]

For Appellant's second claim on appeal, Appellant contends that the trial court "erred in failing to merge [his] conviction for receiving stolen property into his conviction for theft by unlawful taking." Appellant's Brief at 39. The Commonwealth agrees that Appellant is entitled to relief on this claim. Commonwealth's Brief at 34.

We agree with Appellant and the Commonwealth and conclude that Appellant is indeed entitled to relief on this claim, as both convictions arose from the same criminal act and "all of the statutory elements of [theft by unlawful taking] are included in the statutory elements of [receiving stolen

---

[4] Within his brief, Appellant also claims that his failure to attend the May 31, 2016 hearing should be excused because the Amended ARD Conditions declared that he was required to pay $590.00 as a condition precedent to being placed into ARD. *See* Amended ARD Conditions, dated 5/4/16, at 2. According to Appellant, he had good cause to simply skip his mandatory hearing because he was indigent and could not pay the $590.00. Appellant's Brief at 31-38.

As Appellant himself acknowledges, his unexplained failure to appear for his May 31, 2016 hearing "suggest[s] disregard for his obligations [and] an inability to take the [rehabilitation] program seriously." *Id.* at 31. Further, even if Appellant were unable to pay the $590.00 at the time of the hearing, Appellant had an obligation to comply with the notice and appear at the hearing. Certainly, the hearing was Appellant's only opportunity to explain why he could not pay the restitution and establish a good faith plan to satisfy his obligations. Appellant's failure to comply with the notice indeed "suggest[s] disregard for his obligations [and] an inability to take the [rehabilitation] program seriously." *Id.*

property].” 42 Pa.C.S.A. § 9765 (merger of sentences); ***Commonwealth v. Young***, 35 A.3d 54 (Pa. Super. 2011); ***see also Commonwealth v. Wilson***, 458 A.2d 244, 245-246 (Pa. Super. 1983) (“[f]or purposes of sentencing, [] the crime of theft by receiving stolen property merged into the crime of theft by unlawful taking”).  Further, since the trial court sentenced Appellant at both counts and never specified, at sentencing, whether Appellant’s sentences were to run consecutively or concurrently, we vacate Appellant’s judgment of sentence and remand for resentencing.[5] ***See*** N.T. Sentencing Hearing, 2/13/17, at 6 (“We sentence [Appellant] on each count to 12 months’ probation, plus the cost of prosecution, and direct that he make restitution to Planet RYO in the amount of $1,590”); ***see also*** Sentencing Order, 2/13/17, at 1-2 (does not specify whether the sentences are consecutive or concurrent).

Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

---

[5] Appellant and the Commonwealth claim that the trial court sentenced Appellant to serve concurrent terms of probation.  Appellant’s Brief at 39; Commonwealth’s Brief at 12.  Thus, Appellant asserts that this Court does not need to remand for resentencing and that we may simply vacate the merged sentence.  ***See*** Appellant’s Brief at 39-40; ***see also Commonwealth v. Owens***, 649 A.2d 129, 139 (Pa. Super. 1994) (“Where a correction of sentence is needed, this Court has the option of amending the sentence directly or remanding to the lower court for resentencing.  We will not remand for resentencing since the sentences in this case are to run concurrently”).  As noted, we do not see where the trial court specified that the sentences were to run consecutively or concurrently; therefore, we must vacate the judgment of sentence and remand for resentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/20/2018</u>