J. S17043/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LAKEIA K. WINSTON, : No. 1691 EDA 2018
:
Appellant :

Appeal from the Judgment of Sentence, May 21, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006697-2017

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 15, 2019**

Lakeia K. Winston appeals from the May 21, 2018 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following her conviction of theft by unlawful taking and receiving stolen property.[1] After careful review, we affirm in part and vacate in part.

The trial court provided the following synopsis of the relevant factual and procedural history:

> In April of 2017, Sharonda Adams, the complaining witness, kept $10,000.00 in cash inside a lock box, which she kept hidden inside her bedroom closet. Ms. Adams managed to save this amount of money from the two (2) positions of employment she maintained and also from a financial refund she had received [from] Walden University. Ms. Adams' bank statement and an email correspondence from Walden University corroborate her testimony. In April of

---

[1] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

2017, Ms. Adams had two (2) keys to her lock box. She kept both keys to her lock box on the same keychain which she used for the key to her vehicle.

Approximately one (1) week before April 6, 2017, Ms. Adams allowed [a]ppellant, [appellant's] mother, and [a]ppellant's two (2) minor children to move in to Ms. Adams' residence. The only persons residing with Ms. Adams prior to the move-in were Ms. Adams' three (3) minor children. On April 6, 2017, Ms. Adams visually confirmed that the $10,000.00 in cash was inside her lock box. On April 7, 2017, Ms. Adams lent the use of her vehicle to [a]ppellant and provided her with access to the keychain which contained both keys to the lock box. On April 8, 2017, Ms. Adams left the house for a social outing. The only people present in Ms. Adams' home during her absence were [a]ppellant, [appellant's] mother, [a]ppellant's children and Ms. Adams' children. On April 9, 2017, Ms. Adams noticed that the contents of her closet had been rummaged through. She opened her lock box and discovered that the $10,000.00 in cash was missing. Ms. Adams also discovered that one (1) of the keys to her lock box was missing from her keyring as well. Ms. Adams suspected [a]ppellant as the person responsible and called her on the phone. Appellant's mother, Rhonda Winston, answered [a]ppellant's cell phone, and Ms. Adams informed her that she discovered that her $10,000.00 was missing.

On April 10, [2017], Ms. Adams went to the police station to file a report regarding the stolen money. Ms. Adams indicated to the detective that although she had not seen who stole the money from her lock box, the only other person who had access to the keys to the lock box was [a]ppellant. Prior to the theft of the $10,000.00, Ms. Adams had informed [a]ppellant that Ms. Adams was saving the money to purchase a new vehicle. Text messages between [a]ppellant and Ms. Adams corroborate that [a]ppellant was aware Ms. Adams was saving money to purchase a new vehicle.

After filing the report with the police, Ms. Adams returned home to find that [a]ppellant, [appellant's] mother and children had abruptly vacated Ms. Adams' residence, leaving behind their furniture and other personal items. Appellant never provided any prior notice that she was planning to move out from Ms. Adams' residence.

On April 11, 2017, Ms. Adams observed [a]ppellant operating a 2011 [Chevrolet] Equinox. Ms. Adams knew [a]ppellant had not owned the vehicle prior to the $10,000.00 in cash being stolen. After Ms. Adams confronted her about the missing money, [a]ppellant responded "If you think I ruined your life now, I'm really going to ruin your life because you can't prove it."

Ms. Adams never gave permission to [a]ppellant to remove, take, borrow or spend the $10,000.00 in cash.

Appellant and her mother purchased a 2011 [Chevrolet] Equinox on April 10, 2017. Appellant placed a down payment of $3,500.00 in cash and financed the balance of the purchase price, which was $14,073.00. In the application to purchase the vehicle, [a]ppellant knowingly produced a false address to the finance company.

Although [a]ppellant has not been employed since December 2016, she and her mother . . . claimed that they were able to save the down payment of $3,500.00 by withdrawing cash from [a]ppellant's mother's SSI benefits account, which receives a . . . $1,400.00 monthly payment. The SSI benefits account was the only source of income for [a]ppellant, her mother and [a]ppellant's two (2) children. Appellant introduced account statements from her mother's SSI benefits account in [an] effort to corroborate her . . . testimony. . . .

. . . .

> At the conclusion of the trial, [the trial court] entered a verdict of guilty against [a]ppellant as to the offenses of Theft [by unlawful taking] and Receiving Stolen Property, both graded as a felony in the third degree. On May 21, 2018, [the trial court] sentenced [a]ppellant to four (4) years['] reporting probation on each offense to run concurrent and ordered [a]ppellant to remit $10,000.00 in restitution to the complaining witness. Appellant filed a Motion to Reconsider the verdict. On June 6, 2018, [the trial court] denied [a]ppellant's Motion and specified that the verdict was based on the credibility of the witnesses. Subsequently, [a]ppellant filed timely this instant appeal.

Trial court opinion, 8/1/18 at 2-5.

On June 18, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal. Appellant timely complied on July 9, 2018. On August 1, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> [I.] Was the evidence insufficient to sustain a conviction for theft and receiving stolen property?
>
> [II.] Did the [trial] court illegally sentence appellant on theft and receiving stolen property where the charges merged for sentencing purposes?

Appellant's brief at 3 (full capitalization omitted).

In her first issue, appellant contends that the Commonwealth failed to introduce sufficient evidence to justify her convictions of theft by unlawful taking and receiving stolen property. Specifically, appellant argues that the Commonwealth failed to meet its burden because no one saw appellant take

the $10,000 at issue and "there was ample time and opportunity for other people to have taken the money." (**Id.** at 10.)

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, [], 744 A.2d 745, 751 ([Pa.] 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa.Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." **Id.**; **see also Commonwealth v. Aguado**, 760 A.2d 1181, 1185 (Pa.Super. 2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. **See Commonwealth v. DiStefano**, 782 A.2d 574, 582 (Pa.Super. 2001).
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. **See Brewer**, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." **Id.** (quoting **Commonwealth v. Murphy**, 795 A.2d 1025, 1038-1039 (Pa.Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the

> appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Rahman*, 75 A.3d 497, 500-501 (Pa.Super. 2013), citing *Commonwealth v. Pettyjohn*, 64 A.3d 1072, (Pa.Super. 2013) (citations omitted).

In order for a conviction of theft by unlawful taking to be upheld, the Commonwealth is required to prove beyond a reasonable doubt that the defendant unlawfully took or exercised unlawful control over another person's movable property with the intent to deprive the person of the movable property. 18 Pa.C.S.A. § 3921(a), *see*, *e.g.*, *Commonwealth v. Robinson*, 33 A.3d 89, 94-95 (Pa.Super. 2011), *appeal denied*, 42 A.3d 292 (Pa. 2012). To obtain a conviction of receiving stolen property, the Commonwealth must prove beyond a reasonable doubt that the defendant "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that is has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner." *Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa.Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010), citing 18 Pa.C.S.A. § 3925(a); quoting *Commonwealth v. Galvin*, 985 A.2d 783, 792 (Pa. 2009).

Here, after viewing the evidence presented at trial in a light most favorable to the Commonwealth, as verdict winner, we find that the Commonwealth presented sufficient evidence to justify convictions of both theft by unlawful taking and receiving stolen property. Indeed, the

Commonwealth's evidence established that Ms. Adams kept the two keys to her lock box on her keyring, along with keys to her residence, car, and other keys. (Notes of testimony, 3/5/18 at 14, 23.) On April 7, 2016, Ms. Adams gave the keyring to appellant so appellant could use Ms. Adams' car. (*Id.* at 22-23.) As noted by the trial court, appellant "subsequently had the opportunity to locate and remove the cash from the lock box on April 8, 2017 when Ms. Adams left [a]ppellant and her mother alone in the house with their minor children." (Trial court opinion, 8/1/18 at 6; *see also* notes of testimony, 3/5/18 at 23.) The evidence further reflects that appellant implicitly admitted to Ms. Adams that she stole the $10,000 when confronted by Ms. Adams.[2] (Notes of testimony, 3/5/18 at 33-34.) Finally, when confronted by Ms. Adams, we find that the Commonwealth established that appellant implicitly expressed an intent to permanently deprive Ms. Adams of her property when appellant stated to Ms. Adams: "If you think I ruined your life now, I'm really going to ruin your life because you can't prove it." (*Id.* at 33-34.)

Accordingly, we find that the Commonwealth has produced sufficient evidence to justify convictions for theft by unlawful taking and receiving stolen property. Appellant's first issue is without merit.

---

[2] The record reflects that when Ms. Adams asked appellant why she took her money, appellant said, "Bitch, you can't prove it." (*Id.* at 33-34.)

In her second issue, appellant argues that the trial court imposed an illegal sentence because her convictions merge for sentencing purposes. (Appellant's brief at 16.) The Commonwealth agrees, stating that both of appellant's convictions "arose from the single criminal act of taking Ms. Adams $10,000 out of her lock box." (Commonwealth's brief at 14.)

We preliminarily note that appellant failed to include this issue in her Rule 1925(b) statement. Our supreme court has held that cases involving merger of convictions for sentencing purposes implicate the legality of the sentence. ***Commonwealth v. Foster***, 17 A.3d 332, 342 (Pa. 2011), citing ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009). Issues implicating the legality of sentence are nonwaivable on appellate review; therefore, we will consider appellant's second issue on its merits. ***See Commonwealth v. Eisenberg***, 98 A.3d 1268, 1278 n.11 (Pa. 2014), citing ***Foster***, 17 A.3d at 345.

Our cases have consistently held that convictions for theft by unlawful taking and receiving stolen property merge for sentencing purposes. ***Commonwealth v. Young***, 35 A.3d 54, 63 (Pa.Super. 2011), ***appeal denied***, 48 A.3d 1249 (Pa. 2012); ***Commonwealth v. Wilson***, 458 A.2d 244, 245-246 (Pa.Super. 1983). Here, the trial court imposed two concurrent sentences of four years' probation. (Notes of testimony, 5/21/18 at 22.) Because the two convictions merge for sentencing purposes, we vacate the

judgment of sentence for receiving stolen property, while affirming the conviction.

Because the two sentences were concurrent, we need not remand for re-sentencing, as our conclusion does not upset the trial court's overall sentencing scheme of four years' probation. ***See Commonwealth v. Martinez***, 153 A.3d 1025, 1033 (Pa.Super. 2016); ***Commonwealth v. Thur***, 906 A.2d 552, 570 (Pa.Super. 2006), ***appeal denied***, 946 A.2d 687 (Pa. 2008). We affirm all other aspects of appellant's judgment of sentence.

Judgment of sentence for theft by unlawful taking affirmed. Judgment of sentence for receiving stolen property vacated. Convictions affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19